J-S50022-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NIAGARA VILLAGE LIMITED PARTNERSHIP | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| HDSCO8, LLC AND VALERIE S. GILREATH | : | No. 22 WDA 2018 |
| Appellants | : | |

Appeal from the Judgment Entered November 30, 2017
In the Court of Common Pleas of Erie County
Civil Division at No(s):  No. 11532-2016

BEFORE:  BOWES, J., OTT, J., and KUNSELMAN, J.

MEMORANDUM BY OTT, J.:                    **FILED FEBRUARY 06, 2019**

HDSCO8, LLC and Valerie S. Gilreath (hereinafter "Tenant") appeal from the judgment entered November 30, 2017, in the Erie County Court of Common Pleas in favor of Niagara Village Limited Partnership (hereinafter "Landlord").  The trial court entered judgment in the amount of $38,809.01, following a jury verdict for Landlord in this action to recover damages for breach of a commercial lease.  On appeal, Tenant contends the trial court erred or abused its discretion in: (1) precluding Tenant from arguing it was constructively evicted from the premises; (2) precluding Tenant from arguing the lease was never signed by Landlord; (3) permitting hearsay evidence in support of Landlord's purported damages; and (4) awarding counsel fees to Landlord.  For the reasons below, we affirm.

We have gleaned the following facts from the record. On July 12, 2011, Landlord entered into a commercial lease with Tenant for a medical office in Erie, Pennsylvania.[1] The lease was for a term from August 1, 2011, until December 31, 2016. In February of 2014, Tenant informed Landlord that it intended to move to Arizona. Under the terms of the Lease, the Tenant was not permitted to sublet the office "without Landlord's prior written consent, which consent shall be in Landlord's sole judgment[.]" Complaint, 6/7/2016, Exhibit A, Facility Lease, 7/12/2011, at ¶ 16. Although Tenant produced two potential sub-tenants, neither were accepted by Landlord. In June of 2014, Tenant abandoned the premises, moved out of state, and neglected to pay any further rent.

On June 7, 2016, Landlord filed a complaint against Tenant seeking damages as a result of Tenant's breach of the lease.[2] After both parties filed preliminary objections and later withdrew them, Tenant filed an answer to the complaint on September 22, 2016. The case proceeded to an arbitration hearing on January 12, 2017. That same day, the arbitrators entered an award in favor of Landlord and against Tenant in the amount of $42,291.70. Tenant filed a timely appeal to the Erie County Court of Common Pleas.

---

[1] The Lease lists the tenant as HDSC08. Valerie Gilreath, the doctor operating the office, signed a separate Guaranty of Lease.

[2] The damages sought included, *inter alia*, unpaid rent, improvements required for a new tenant, and a leasing commission.

Following a trial, on September 15, 2017, a jury found for Landlord, and awarded damages in the amount of $30,684.57, against Tenant. Both Landlord and Tenant filed timely post-trial motions. Tenant challenged the trial court's exclusion of certain defenses and its admission of hearsay evidence of damages. Landlord sought an additur and attorneys' fees. On November 29, 2017, the trial court conducted a hearing on the motions for post-trial relief, and, thereafter, entered an order: (1) denying Tenant's post-trial motions and Landlord's request for an additur, and (2) granting Landlord's request for attorneys' fees in the amount of $8,124.44. The court also entered judgment for Landlord in the amount of $38,809.01. This timely appeal followed.[3]

On February 27, 2018, the trial court filed an opinion, noting that although Tenant had requested the trial transcript, it "failed to make any payment or deposit for the transcription of any of the court proceedings in this case pursuant to Pa.R.A.P. 1911(a), Rule of Judicial Administration 4007(D), and Erie County Rule of Judicial Administration 4007(B)." Trial Court Opinion, 2/26/2018, at 5. Therefore, the court concluded Tenant had waived most of its claims on appeal. *See id.* at 6. Nevertheless, the court was able to address two of Tenant's issues which did not require review of the transcript. *See Id.*

---

[3] On January 3, 2018, the trial court ordered Tenant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Tenant complied with the court's directive and filed a concise statement on January 24, 2018.

at 6-10 (addressing claims that (1) the lease was unenforceable because the copy attached to the complaint was not signed by Landlord, and (2) the award of attorneys' fees was improper). Sometime after the court authored the opinion, Tenant submitted payment for the trial transcripts, and they were included in the certified record that was provided to this Court on appeal. Therefore, on November 9, 2018, we remanded the case to the trial court, so that it could issue a supplemental opinion, addressing the claims it found waived based upon the lack of a transcript. The court then filed a supplemental opinion on December 27, 2018.

Tenant raises the following claims on appeal:

1) the trial court erred in precluding Tenant from presenting evidence that it was justified in breaking the lease based upon Landlord's constructive eviction;

2) the trial court erred in precluding Tenant from arguing the lease was not legally binding because it was not signed by Landlord;

3) the trial court erred in permitting Landlord to prove damages by impermissible hearsay;

4) the court erred in awarding Landlord attorneys' fees; and

5) the trial court abused its discretion by failing to enter judgment for Tenant.

***See*** Tenant's Brief at 18, 23-24, 26-27.[4]

---

[4] We note Tenant lists two additional claims in the statement of questions involved section of its brief: (1) the court erred in finding that "over $22,500" of "'build-out' sums" included in the verdict was reasonable and necessary; and (2) the amount of unpaid rent was "factually incorrect." Tenant's Brief at

It is well-settled that "we review challenges to the trial court's evidentiary rulings for an abuse of discretion." **MB Fin. Bank v. Rao**, \_\_\_ A.3d \_\_\_, \_\_\_, 2018 PA Super 353, *3 (Pa. Super. Dec. 24, 2018). Our review of a court's decision to permit attorneys' fees is also limited to whether the court abused its discretion. **See Krishnan v. Cutler Grp., Inc.**, 171 A.3d 856, 871 (Pa. Super. 2017).

Upon our review of the record, the parties' briefs, and the relevant statutory and case law, we conclude the trial court thoroughly addressed and properly disposed of Tenant's first four issues on appeal in its original and supplemental opinions. **See** Trial Court Opinion, 2/26/2018, at 6-10; Supplemental Opinion, 12/27/2018, at 2-7 (finding (1) Tenant waived claim that it was justified in breaking the lease or constructively evicted from the premises when it failed to plead either defense in new matter pursuant to Pa.R.C.P. 1030(a); (2) Tenant waived argument that the lease was never signed by Landlord when (a) it failed to raise statute of frauds claim in new matter, and (b) admitted it entered into a lease with Landlord in its answer; (3) evidence of a demand email, accompanied by receipts of damages, was properly admitted as a business record to prove Landlord's damages, when the manager of the property, who created the document, testified; and (4)

---

8. However, neither of these claims are addressed in the argument portion of Tenant's brief. Accordingly, they are waived on appeal. **See Kessler v. Pub. Documents Pen Register & Wire Taps**, 180 A.3d 406, 410 (Pa. Super. 2018).

award of attorneys' fees was both provided for in the lease, and reasonable based upon testimony provided at the post-trial hearing). Accordingly, we rest on the court's well-reasoned bases.

With regard to Tenant's fifth claim, we find it is simply a restatement of its first two issues. Indeed, Tenant asserts, without citation to the record or any authority, that the court was "incorrect" in refusing to grant a compulsory nonsuit, directed verdict, or binding instructions in its favor based upon the fact it was constructively evicted from the office and/or the lease was never signed by the Landlord. Tenant's Brief at 27-28. As we have already determined these claims are meritless, Tenant's fifth issue similarly fails.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  2/6/2019

NIAGARA VILLAGE
LIMITED PARTNERSHIP,
           Plaintiff

v.

HDSCO8, LLC and
VALERIE S. GILREATH,
           · Defendants

: IN THE COURT OF COMMON PLEAS
: OF ERIE COUNTY, PENNSYLVANIA
: CIVIL DIVISION
:
:
:
:
:
: NO. 11532 – 2016
:
:

Attorneys: Angelo A. Papa, Esq. – HDSCO8, LLC and Valerie S. Gilreath (Appellants)

          Timothy D. McNair, Esq. – Niagara Village Limited Partnership (Appellee)

## **OPINION**

Domitrovich, J., February 26th, 2018

      This matter is before the Pennsylvania Superior Court on Defendants' HDSC08, LLC and Valerie S. Gilreath (hereinafter "Appellants") appeal from this Trial Court's Order dated November 29th, 2018. Although Appellants served this Trial Court with a Concise Statement of Matters Complained of on Appeal (hereinafter "Concise Statement"), which raises six (6) issues, Appellants have failed to comply with the mandates set forth in Pa.R.A.P. 1911(a) since Appellants have failed to make any necessary payment or deposit for transcription of the court proceedings in this case pursuant to Rule of Judicial Administration 4007(D) and Erie County Rule of Judicial Administration 4007(B) (Attached are Exhibits A through E). Without the availability of the critical information that transcripts provide, this Trial Court's ability to draft a thorough and accurate Opinion, and the Superior Court's ability to review this instant appeal, are severely hampered.

      This Opinion addresses the issue of whether Appellants' Errors Complained of on Appeal requiring transcripts of the court proceedings in this case should be deemed waived for failure to make any necessary payment or deposit for said transcripts. Nevertheless, this Trial Court will also attempt to address two of the issues Appellants raised on appeal notwithstanding the absence

of these transcripts: (1) whether Appellants are precluded from raising the issue concerning the validity of the Facility Lease since Appellants unqualifiedly admitted Appellants entered into the Facility Lease in their pleadings; and (2) whether the award of attorney's fees is justified pursuant to the Facility Lease and reasonable under the circumstances.

This Trial Court hereby provides the following factual and procedural background: Appellee filed a Civil Complaint in the Erie County Court of Common Pleas on June 7th, 2016. Thereafter, on July 22nd, 2016, Appellee served a ten-day Default Notice upon Appellant Valerie S. Gilreath. Appellants filed Preliminary Objections on August 4th, 2016. Appellee filed Preliminary Objections to Appellants' Preliminary Objections and a Brief in Support on August 15th, 2016. Prior to the hearing on both parties' Preliminary Objections, both counsel agreed to withdraw their respective Preliminary Objections, and this Trial Court issued an Order on September 27th, 2016 cancelling the hearing on the Preliminary Objections. Appellant Gilreath filed her Answer to Appellee's Complaint on September 22nd, 2016.

Appellee filed a Praecipe for Reference to Arbitrators on October 13th, 2016. Matthew W. McCullough, Esq.; Christopher J. Sinnott, Esq.; and Jessica A. Fiscus, Esq., were chosen as Arbitrators on October 25th, 2016. An Arbitration Hearing was scheduled for January 12th, 2017. At the conclusion of the Arbitration Hearing, the Arbitrators found in favor of Appellee and against Appellants in the total amount of $42,291.70.

Appellant Gilreath filed a Notice of Appeal from Award of Arbitrators on February 10th, 2017. Appellee filed a Pre-trial Narrative Statement on April 4th, 2017 and filed a Certification II on June 23rd, 2017. Appellants filed a Certification on June 26th, 2017. Appellants filed their Pre-trial Narrative Statement on June 26th, 2017. A Status Conference was held on July 19th, 2017. Following said Status Conference, this Trial Court (1) scheduled the instant civil action for jury

trial on September 15th, 2017; (2) set a date for a second Status Conference on August 8th, 2017; and (3) directed both counsel to provide proposed *Voir Dire* questions, Jury Instructions, and Verdict Slips on or before September 5th, 2017.

A Civil Jury Trial was held on September 15th, 2017, following which the jury entered judgment in favor of Appellee in the amount of $30,684.57.

On September 22nd, 2017, Appellee filed its Motion for Post-Trial Relief wherein Appellee requested relief in the form of additur and attorney's fees. On the same date, Appellants filed their Motion for Reconsideration and/or Post-Trial Relief Rule 227.1. By Order dated September 25th, 2017, this Trial Court scheduled a Rule to Show Cause for September 29th, 2017. After this Trial Court heard oral argument by counsel at the September 29th, 2017 hearing, this Trial Court directed the parties, by Order dated September 29th, 2017, to submit Memoranda of Law on the relevant issues presented in said post-trial motions within fifteen days from the date of said Order.

Appellants submitted their Memorandum of Law on October 13th, 2017, and Appellee filed its Memorandum of Law on October 16th, 2017. Appellants thereafter filed their Motion to Strike on October 19th, 2017, wherein Appellants requested this Trial Court to strike the Memorandum of Law filed by Appellee, alleging Appellee's Memorandum of Law was purposely filed untimely as to make Appellee's Memorandum of Law a response to Appellants' Memorandum of Law. This Trial Court, by Order dated October 19th, 2017, scheduled a Rule to Show Cause for November 29th, 2017, on the Post-Trial Motions, the Memoranda of Law submitted by both counsel, and Appellants' Motion to Strike.

On November 29th, 2017, after the scheduled hearing on Appellants' Motion to Strike and Appellee's Motion for Post-Trial Relief, by Order dated November 29th, 2018, this Trial Court:

(1) granted Appellee's Motion for Post-Trial Relief to the extent that this Trial Court awarded reasonable attorney's fees in the amount of $8,124.44, but denied the remainder of Appellee's Motion for Post-Trial Relief; (2) denied Appellants' Motion for Reconsideration and/or Post-Trial Relief Rule 227.1 and Motion to Strike; and (3) directed the Erie County Prothonotary's Office to enter judgment in favor of Appellee and against Appellants in the total amount of $38,809.01. Appellants appealed this Order dated November 29th, 2017.

Appellants filed the instant Notice of Appeal to Superior Court on December 27th, 2017. This Trial Court filed its 1925(b) Order on January 3rd, 2018 in which it directed Appellants to file their Concise Statement within twenty-one days of the date of said Order. Appellants served this Trial Court with a Concise Statement on January 22nd, 2018 and filed said Statement on January 24th, 2018. The issues Appellants raised in their Concise Statement are difficult to decipher, and written transcripts are necessary to fully address these issues; nevertheless, this Trial Court has determined that two of the Errors Complained of by Appellants may be addressed upon review of the case record. However, the written transcripts are necessary for the remaining issues raised in Appellants' Concise Statement that reference testimony elicited during the jury trial, indicate evidentiary determinations this Trial Court made during trial, and discuss the evidence upon which the jury based Appellee's damage award. (*See* Appellants' Concise Statement at ¶ 1-5). As of the date of this Opinion, Appellants have failed to make any necessary payment or deposit as required under Pa.R.A.P. 1911(a), Rule of Judicial Administration 4007(D), and Erie County Rule of Judicial Administration 4007(B) (*See* Email from Court Reporter Samantha Reed and Three Letters from Chief Court Reporter Sylvia M. Waid to Judge Domitrovich, dated Feb. 1, 2018; Feb. 15, 2018; and Feb. 26, 2018 (Attached as Exhibits A through E)). Indeed, this Trial Court patiently waited for Appellants to make any necessary

payment or deposit to the Court Reporter and monitored whether Appellants made such payment or deposit until the due date of this 1925(a) Opinion on February 26th, 2018.

Although Appellants requested the trial transcripts, Appellants have failed to make any payment or deposit for the transcription of any of the court proceedings in this case pursuant to Pa.R.A.P. 1911(a), Rule of Judicial Administration 4007(D), and Erie County Rule of Judicial Administration 4007(B). Therefore, Appellants have waived any and all issues that require a transcript of said court proceedings. Under Pa.R.A.P. 1911(a), the appellant has the duty to order any and all transcripts required for review and to make any necessary deposit or payment for said transcripts:

> (a) *General rule.* The appellant shall request any transcript required under this chapter in the manner and make any necessary payment or deposit therefor in the amount and within the time prescribed by Rules 4001 *et seq.* of the Pennsylvania Rules of Judicial Administration.
>
> . . .
>
> (d) *Effect of failure to comply.* If the appellant fails to take the action required by these rules and the Pennsylvania Rules of Judicial Administration for the preparation of the transcript, the appellate court may take such action as it deems appropriate, which may include dismissal of the appeal.

Pa.R.A.P. 1911(a) and (b). The Superior Court of Pennsylvania has stated: "With regard to missing transcripts, . . . [w]hen the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review." *Commonwealth v. Houck,* 102 A.3d 443, 456 (Pa.Super.2014) (citing *Commonwealth v. Preston,* 904 A.2d 1, 7 (Pa.Super.2006) ("It is not proper for either the Pennsylvania Supreme Court or the Superior Court to order transcripts nor is it the responsibility of the appellate courts to obtain the necessary transcripts."); *see e.g. Stumpf v. Nye,* 950 A.2d 1032, 1041 (Pa.Super.2008) (finding that appellant's issue was

waived where appellant failed to provide the Superior Court with a transcript of the relevant proceeding).

In this case, in the absence of transcripts of the court proceedings, this Trial Court must rely upon its own personal notes of said court proceedings in this matter. Accordingly, since this Trial Court is without complete transcripts of the record to review, this Trial Court finds Appellants have waived all issues raised in this instant appeal that require said transcripts of the court proceedings.

Notwithstanding the absence of these transcripts of the court proceedings in this case, this Trial Court will attempt to provide the following analysis with respect to the remaining Errors Complained of on Appeal regarding only two issues: (1) whether Appellants are precluded from raising the issue concerning the validity of the Facility Lease since Appellants unqualifiedly admitted Appellants entered into the Facility Lease in their pleadings; and (2) whether the award of attorney's fees is justified pursuant to the Facility Lease and reasonable under the circumstances.

Appellants allege this Trial Court erred "in not finding that the purported lease was never signed and never contractually accepted by [Appellee] . . ." since Appellee did not affix a signature to the Facility Lease executed by the parties. (*See* Appellants' Concise Statement at ¶ 2). Under Pennsylvania law, a lease of real property for a term of more than three years must be made in writing and signed by the parties creating the lease. 68 Pa.S. § 250.202. However, this statute of frauds requiring a writing for rental leases longer than three years is a waivable defense. *Blumer v. Dorfman*, 289 A.2d 463, 468 (Pa. 1972). Thus, this statute will not bar recovery if the defendant fails to raise the defense in his pleadings **or admits to the existence of a contract in pleadings or testimony.** *Target Sportswear, Inc. v. Clearfield Found.*, 474 A.2d

1142, 1150 (Pa.Super.1984). Indeed, "[i]t has long been established that a contract within the statute of frauds will be accorded full legal effect if those who are entitled to the protection of the statute choose to affirm the existence of the contract and recognize it as binding on them." *Sferra v. Urling*, 195 A. 422, 425 (Pa. 1937).

In the instant case, Appellee's Complaint alleged that "[o]n or about July 12, 2011, Plaintiff and Defendant HDSCO8, LLC entered into a facility lease, a copy of which is attached hereto as Exhibit 'A.'" (Appellee's Complaint at ¶ 4). Appellants in response did not raise the affirmative defense of statute of frauds found in 68 Pa.S. § 250.202 in either its Answer to Complaint or Preliminary Objections as required under Pa.R.C.P. 1030(a) and 1032(a). On the contrary, Appellants' Answer to Complaint expressly "ADMITTED" the allegation set forth in the fourth paragraph of Appellee's Complaint averring Appellants and Appellee entered into a valid and binding lease agreement. (Appellants' Answer to Complaint at ¶ 4). Therefore, Appellants have waived any issues relating to the validity of the Facility Lease.

Appellants also raise the issue of whether this Trial Court erred in awarding Appellee attorney's fees. (*See* Appellants' Concise Statement at ¶ 6). The law in Pennsylvania is well established in that Pennsylvania follows the American rule, which states there can be no recovery of attorney's fees from an adverse party absent express statutory authority, agreement by the parties, or another established exception. *Merlino v. Delaware Cty.*, 728 A.2d 949, 951 (Pa. 1999). Thus, parties may contract to provide for the breaching party to pay the attorney's fees of the prevailing party in a breach of contract case, but the trial court may consider whether the fees claimed to have been incurred are reasonable and may reduce the fees claimed if appropriate. *McMullen v. Kutz*, 985 A.2d 769, 776–77 (Pa. 2009). The Pennsylvania Supreme

Court has set forth the "facts and factors to be taken into consideration in determining the fee or compensation" of an attorney:

> [T]he amount of work performed; the character of the services rendered; the difficulty of the problems involved; the importance of the litigation; the amount of money or value of the property in question; the degree of responsibility incurred; whether the fund involved was 'created' by the attorney; the professional skill and standing of the attorney in his profession; the results he was able to obtain; the ability of the client to pay a reasonable fee for the services rendered; and, very importantly, the amount of money or the value of the property in question.

*In re LaRocca's Tr. Estate*, 246 A.2d 337, 339 (Pa. 1968). Finally, the reasonableness of the fee is a matter for the sound discretion of the trial court. *Id.*

In this instant matter, the Facility Lease, which Appellants expressly admitted they entered into with Appellee as noted above, states the following in the "Event of Default":

> Landlord shall be entitled to recover from the Tenant all expenses incurred in connection with such default, including repossession costs, *reasonable attorneys' fees*; and all reasonable expenses incurred in connection with efforts to relet the leased Premises, including cleaning, altering, advertising and brokerage commissions; and all such expenses shall be reimbursed by Tenant as Additional Rent . . .

(Facility Lease at Section 18) (emphasis added). On September 22nd, 2017, Appellee, by and through counsel, Timothy D. McNair, Esq., filed its Motion for Post-Trial Relief wherein Appellee requested this Trial Court award Attorney McNair $8,124.44 in reasonable attorney's fees pursuant to Section 18 of the Facility Lease. Specifically, Appellee averred Attorney McNair expended 35.1 hours of attorney time and $226.94 in additional expenses litigating the case. Appellee also submitted to this Trial Court a time log of the hours expended litigating this present action. A Rule to Show Cause dated September 25th, 2017 was scheduled for hearing and argument before the undersigned Judge to take place on November 29th, 2017. Although the post-trial hearing and argument were held on November 29th, 2017, Appellants have not requested these transcripts of said hearing and argument and also did not make any necessary

payment or deposit for said transcripts. By Order dated November 29th, 2017, this Trial Court granted in part and denied in part Appellee's Motion for Post-Trial Relief. Specifically, this Trial Court awarded reasonable attorney's fees to Appellee in the amount of $8,124.44, but denied Appellee's request for additur to be added to the sum of the jury's verdict in the amount of $16,448.50 for the buildout expenses allegedly necessitated by Appellants' premature vacation of the premises.

This Trial Court provides the following in support of the reasonableness of the attorney's fee award to Appellee: Attorney McNair expended 35.1 hours working on this case (and this Trial Court notes Attorney McNair submitted an itemization which omitted charges that were either not contemporaneously documented or removed in the exercise of billing discretion), Attorney McNair has thirty-five years of experience as a practicing attorney, and the hourly rate of $225.00, which Attorney McNair ordinarily charges to clients in non-complex matters, is based on the fair market in the Erie County region for attorneys with similar education and experience. Although this Trial Court and the Superior Court do not have the benefit of any transcripts of said post-trial hearing, this Trial Court's review of the record even without said transcripts adequately demonstrates this Trial Court properly awarded Attorney McNair attorney's fees that were justified pursuant to the Facility Lease and are reasonable under the relevant case law as to the "facts and factors" for determining the fee or compensation of Attorney McNair. *See In re LaRocca's Tr. Estate*, 246 A.2d at 339.

Accordingly, for all of the reasons as set forth above, this Trial Court requests the Honorable Pennsylvania Superior Court to dismiss this instant appeal and respectfully requests the Pennsylvania Superior Court affirm its Order dated November 29th, 2017.

BY THE COURT:

Stephanie Domitrovich, Judge

cc:    Angelo A. Papa, Esq., 318 Highland Avenue, New Castle, PA 16101
        Timothy D. McNair, Esq., 821 State Street, Erie, PA 16501
        Sylvia M. Waid, Chief Court Reporter

# ERIE COUNTY
## RULES OF JUDICIAL ADMINISTRATION

90074-16

### Adopting Order

AND NOW, to wit, this 15th day of Dec. , 2016 it is hereby **ORDERED** that Erie County Rules of Judicial Administration 4001, 4007 and 4008, governing court reporting and transcripts, are hereby adopted as rules of this Court. This Order shall be processed in accordance with Pa.R.J.A. 103(c). The adopted rules shall be effective thirty (30) days after publication in the Pennsylvania Bulletin, whichever is later.

John J. Trucilla
President Judge

### Rule 4001.    Scope of Rules

These rules shall govern the process for the request, payment and receipt of transcripts of record proceedings before the Erie County Court of Common Pleas. These rules shall be read in conjunction with and supplement the Uniform Rules Governing Court Reporting and Transcripts, as set forth in the Pennsylvania Rules of Judicial Administration, Nos. 4001 – 4016. In the event of any conflict between these rules and the state rules, the Pennsylvania Rules shall control.

### Rule 4007.    Requests for Transcripts

(A) The original transcript request shall be on a standardized form ("Transcript Request Form") provided by the Administrative Office of Pennsylvania Courts and shall be filed with the appropriate filing office for the case docket. The form is available on The Unified Judicial System's Web Portal, the website for the Erie County Court of Common Pleas or by contacting the District Court Administrator for the Erie County Court of Common Pleas. In order for the request to be processed, a copy of the request must be served on the District Court Administrator, as well as on all other individuals designated by Pa.R.J.A. 4007. For purposes of service on the District Court Administrator, the request may be hand delivered to Room 210 of the Erie County Courthouse, e-mailed to the District Court Administrator, or mailed to:  District Court Administrator, Erie County Courthouse, 140 West 6th Street, Room 210, Erie, PA 16501.

(B) The District Court Administrator will not direct the court reporter to proceed with transcription until either (1) receipt of partial payment in the amount of one-half of the estimated cost of the transcript; or (2) receipt of an order granting permission to proceed *in forma pauperis* or waiving costs in accordance with



A TRUE COPY ATTEST

PROTHONOTARY

Pa.R.J.A. 4008(B) and Erie County Rule of Judicial Administration 4008(B). The party ordering the transcript is responsible for contacting the court reporter to determine the amount of deposit required. Deposit checks shall be made payable to the County of Erie and delivered to the District Court Administrator.

(C) Upon receipt of notification from the court reporter of the completion of the transcript and the amount of the balance owed, the party ordering the transcript shall forward to the District Court Administrator a check in the amount of the balance due. The check shall be made payable to the County of Erie. Upon receipt of final payment, the District Court Administrator will direct the court reporter to file and deliver the transcript in accordance with Pa.R.J.A. 4007(D)(4).

**Rule 4008. Transcript Costs Payable by a Requesting Party Other than Than the Commonwealth or a Subdivision Thereof.**

(A) The per page cost for a transcript in electronic format shall be as follows:

(1) $2.50 per page for an ordinary transcript;

(2) $3.50 per page for an expedited transcript;

(3) $4.50 per page for a daily transcript; and

(4) $6.50 per page for same day delivery.

(5) If the transcript is requested in bound paper format, the costs shall be as stated above, plus a surcharge of $0.25 per page.

(6) The trial judge may impose a reasonable surcharge in cases such as mass tort, medical malpractice or other unusually complex litigation where the judge determines that the surcharge is necessary because of the need for the court reporter to significantly expand his/her dictionary.

(7) Costs for a copy of any transcript previously ordered, transcribed and filed of record shall be in accordance with Pa.R.J.A 4008(D). Copy requests may be directed to the District Court Administrator in person in Room 210 of the Erie County Courthouse, e-mailed to the District Court Administrator, or mailed to: District Court Administrator, Erie County Courthouse, 140 West 6th Street, Room 210, Erie, PA 16501. The District Court Administrator will inform the requesting individual of the total amount due for copying. The full copying fee shall be paid prior to receipt of the copy. Checks shall be made payable to the County of Erie and delivered to the District Court Administrator.

(B) Economic hardship

(1) In accordance with Pa.R.J.A. 4008(B)(1), a litigant who has already been permitted to proceed with the commencement of the underlying action or with the taking of the appeal *in forma pauperis* will, in matters under appeal or where the transcript is necessary to advance the litigation, receive waiver of transcript costs. The order granting the litigant *in forma pauperis* status shall be attached to the Transcript Request Form which is filed and served in accordance with Pa.R.J.A. 4007 and Erie County Rule of Judicial Administration 4007. In addition to attaching the order to the request, the litigant should also attach a verified statement indicating that the party is aware of his or her continuing obligation to inform the court of improvement in his or her financial circumstances and that no such improvement has occurred since entry of the order granting permission to proceed *in forma pauperis*. A litigant's failure to attach the *in forma pauperis* order to the transcript request may result in delayed transcription.

(2) Any litigant who has not already been granted *in forma pauperis* status, but who wishes to pursue waiver of or reduction in transcript costs, shall file a petition requesting waiver of or reduction in transcript costs under the docket of the case. The petition must include:

  (a) the caption and docket number of the case;
  (b) a statement indicating whether or not the transcript is in a matter which is currently under appeal;
  (c) a statement indicating whether or not the transcript is necessary to advance pending litigation; and
  (d) a fully completed and executed affidavit substantially in the form required by Pennsylvania Rule of Civil Procedure 240(h).

Upon filing the petition and affidavit, the party requesting waiver of or reduction in transcript costs shall also serve a copy of the same on the judge assigned to the case for disposition. The petitioner shall be responsible for forwarding a copy of the resulting order to the District Court Administrator. Failure to serve the order may result in delayed transcription.

## Waid, Sylvia

**From:** Reed, Samantha
**ent:** Friday, January 12, 2018 11:07 AM
**ro:** Waid, Sylvia
**Subject:** FW: Niagara Village v. HDSCO8 Transcript

---

**From:** Reed, Samantha
**Sent:** Friday, January 12, 2018 11:07 AM
**To:** 'CEO@signaturehill.com'
**Subject:** Niagara Village v. HDSCO8 Transcript

Good morning, Attorney Papa. I just wanted to advise that we received your request for the trial transcript in this matter that was held on 9/15/17. I am sending this e-mail to let you know that we require a down payment before transcription can begin. There were two separate reporters that were present during the trial on this day, so two separate down payments are requested. One in the amount of $75.00 and the other in the amount of $350.00. Two separate checks would be appreciated since payment is going to two different reporters, and please make them payable to Erie County. Once these are received, transcription will begin! Thank you!

Samantha K. Reed
Official Court Reporter
Erie County Courthouse
140 West 6th Street, Rm 303
Erie, PA 16501
14-451-6396
skalil@eriecountypa.gov



1



SYLVIA M. WAID, RMR
Chief Court Reporter

ROBIN LATA
Office Assistant

(814)451-6238
FAX (814)451-7680
TDD (814)451-7054

Erie County Court of Common Pleas
Sixth Judicial District
OFFICE OF COURT REPORTERS
Erie County Courthouse
140 West Sixth Street, Room 303
Erie, Pennsylvania 16501-1030

ANDREA C. MUSCARELLA
GREG SCHERF
SANDY HACKWELDER
ANNETTE ALLEGRETTO
LISA M. LEOPOLD
TAMARA Y. DOXEY
SAMANTHA K. REED
HEATHER POWELL

February 1, 2018

RE: Niagara Village v HDSCO8 et al

Dear Judge Domitrovich,

The attached email was sent to Attorney Papa at the email address he provided, and we have gotten no response nor as of this date has this office received a check for the deposit as required, therefore no trial transcript has been produced in the above-referenced case.

If I can be of further assistance in this matter, please do not hesitate to contact me.

Sincerely,

Sylvia M. Waid, RMR

Chief Court Reporter

Erie County Courthouse



Encl: email (1 page)



Exhibit
C



SYLVIA M. WAID, RMR
Chief Court Reporter

ROBIN LATA
Office Assistant

(814)451-6238
FAX (814)451-7680
TDD (814)451-7054

Erie County Court of Common Pleas
Sixth Judicial District
OFFICE OF COURT REPORTERS
Erie County Courthouse
140 West Sixth Street, Room 303
Erie, Pennsylvania 16501-1030

ANDREA C. MUSCARELLA
GREG SCHERF
SANDY HACKWELDER
ANNETTE ALLEGRETTO
LISA M. LEOPOLD
TAMARA Y. DOXEY
SAMANTHA K. REED
HEATHER POWELL

February 15, 2018

RE: Niagara Village v HDSCO8 et al

Dear Judge Domitrovich,

The attached email was sent to Attorney Papa at the email address he provided, and we have gotten no response nor as of this date has this office received a check for the deposit as required, therefore no trial transcript has been produced in the above-referenced case.

If I can be of further assistance in this matter, please do not hesitate to contact me.

Sincerely,

Sylvia M. Waid, RMR

Chief Court Reporter

Erie County Courthouse

Encl: email (1 page)





SYLVIA M. WAID, RMR
Chief Court Reporter

ROBIN LATA
Office Assistant

(814)451-6238
FAX (814)451-7680
TDD (814)451-7054

Erie County Court of Common Pleas
Sixth Judicial District
OFFICE OF COURT REPORTERS
Erie County Courthouse
140 West Sixth Street, Room 303
Erie, Pennsylvania 16501-1030

ANDREA C. MUSCARELLA
GREG SCHERF
SANDY HACKWELDER
ANNETTE ALLEGRETTO
LISA M. LEOPOLD
TAMARA Y. DOXEY
SAMANTHA K. REED
HEATHER POWELL

February 26, 2018

RE: Niagara Village v HDSCO8 et al

Dear Judge Domitrovich,

The attached email was sent to Attorney Papa at the email address he provided, and we have gotten no response nor as of this date has this office received a check for the deposit as required, therefore no trial transcript has been produced in the above-referenced case.

If I can be of further assistance in this matter, please do not hesitate to contact me.

Sincerely,

Sylvia M. Waid, RMR

Chief Court Reporter

Erie County Courthouse

Encl: email (1 page)



Exhibit
E

NIAGARA VILLAGE : IN THE COURT OF COMMON PLEAS
LIMITED PARTNERSHIP, : OF ERIE COUNTY, PENNSYLVANIA
       Appellee : CIVIL DIVISION
      :
v. :
      :
HDSCO8, LLC and : NO. 11532 – 2016
VALERIE S. GILREATH, : 22 WDA 2018
       Appellants :

Appearances: Angelo A. Papa, Esq., for Appellants HDSCO8, LLC and Valerie S. Gilreath

               Timothy D. McNair, Esq., for Appellee Niagara Village Limited Partnership

## SUPPLEMENTAL OPINION

Domitrovich, J., December 27th, 2018

This Supplemental Opinion is in response to the Pennsylvania Superior Court's Order dated November 9th, 2018, wherein the Pennsylvania Superior Court remanded jurisdiction of the instant civil case to this Trial Court in the Erie County Court of Common Pleas for the issuance of a supplemental opinion addressing the issues this Trial Court found to be waived due to the Appellants' failure to pay for the trial transcripts before this Trial Court filed its 1925(a) Opinion dated February 26th, 2018. This Trial Court incorporates by reference its Opinion dated February 26th, 2018.

On January 24th, 2018, Appellants filed and served this Trial Court with "Concise Statement of Errors Complained of on Appeal," which raised six (6) issues. Due to Appellants failure to make the necessary payments or deposits for transcription of the court proceedings in this case set forth in Pa.R.A.P. 1911(a), Rule of Judicial Administration 4007(D), and Erie County Rule of Judicial Administration 4007(B), this Trial Court was only able to address two (2) of Appellants' six (6) issues in this Trial Court's 1925(a) Opinion dated February 26th, 2018. Appellants' four (4) remaining issues are: (1) "The Court erred, in finding that the Defendants were not forced out of the purported leasehold, that they were not justified, and that they were

not constructively evicted. The Plaintiff readily admitted that he didn't want 'these kind of people' around (substance abuse impaired patients of the Defendants) and that he forced the Defendants out early for discriminatory reasons"; (2) whether this Trial Court "egregiously erred in permitting hearsay evidence concerning over $23,000.00 in renovation and repair expenditures of the Plaintiffs, which were improperly permitted to be added to damages, without giving the Defendants the opportunity to cross-examine to [sic] party presenting the bill, the contractors"; and (3) "The Court errored [sic] in finding that over $22,500 of the verdict arose from an allegation that these 'build-out' sums were reasonable, due and owing because of the contract, and validly necessary, such that these damages could be assigned to the Defendants, and by derivative, to the defendant, Dr. Valerie Gilreath, when they were not reasonable sums and not due and owing"; and (4) "Even if the Plaintiff was owed any funds, which Defendants vehemently dispute, the Court errored [sic] in the amount awarded to Plaintiff for allegedly unpaid rent as the amount was factually incorrect." This Trial Court provides the following analysis:

Appellants' first issue concerns whether Appellants waived defenses of being "forced out of the purported leasehold," justification, and constructive eviction, which were not pled. Under Pennsylvania Rule of Civil Procedure Rule 1032(a):

> A party *waives all defenses* and objections *which are not presented either by preliminary objection, answer or reply*, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim, the defenses of failure to exercise or exhaust a statutory remedy and an adequate remedy at law and any other nonwaivable defense or objection.

Pa.R.Civ.P. 1032(a)(emphasis added). Defenses that need not be pled are "the affirmative defenses of assumption of the risk, comparative negligence and contributory negligence." Pa.R.Civ.P. 1030(b).

In the instant case, on the morning of the jury trial, this Trial Court reviewed with both counsel the proposed jury instructions. Appellee's counsel raised objections to Appellants' proposed jury instructions as this was the first time Appellants raised the issues of justification and constructive eviction, as demonstrated henceforth:

> MR. MCNAIR: In reviewing the proposed jury instructions submitted by the Defendant, they have an instruction on justification. That's not a defense that was pleaded. That is not the answer that was pleaded. It does not set forth any facts that would support that defense. It's not an issue that we've had notice of and we would ask that you rule in limine that the Defendant be precluded from offering any evidence or arguing to the jury that Dr. Gilreath was justified in terminated the lease.
>
> THE COURT: And it was never pled?
>
> MR. MCNAIR: Never pled. There's no facts that would support it that have been pled.
>
> THE COURT: Very well. Counsel?
>
> MR. PAPA: Yes, your Honor. My response is, and I would ask the Court to take judicial notice of the nine-paragraph complaint that basically we answered sufficiently and would not – we would not need to do that. I was trying to help the Court with a joint jury instruction anticipating where he was going and anticipating that we could have that defense afterwards, Your Honor, as a rebuttal. And I don't think – he's putting the cart before the horse right now on that issue because he hasn't even presented his case.
>
> THE COURT: But you have not pled it, counsel.
>
> MR. PAPA: *I certainly have not pled it*, I was under no obligation to plead it when you look at their nine-paragraph complaint. Paragraph 6 basically gets to the substance, on or about June 14th in breach of the provision of the lease, Defendant abandoned their occupancy.

(Notes of Testimony, Jury Trial – A.M. Session, September 15, 2017, at pg. 2:19-3:25 ("N.T.1")) (emphasis added). Appellee's counsel then addressed the issue of constructive eviction being raised for the first time by Appellants:

> MR. MCNAIR: I did have one other item, Your Honor. The proposed jury instructions make reference to the defense of constructive eviction.

Again, no facts have ever been pleaded that would support that defense and it would simply confuse the jury to even talk about it. So, I would ask that in limine you rule that the Defendant shall not be permitted to discuss or argue that he was constructively evicted.

**MR. PAPA:** Your Honor, we haven't got to argument yet and I'll gladly have him revisit this issue, but I think that's something that should come up later depending on what their case is. I only submitted those proposed jury instruction thinking he would agree with them and we can argue over what jury instruction should say or not say or whatever I'm going to raise at the time. I certainly won't do it in front of the jury to hurt the trial I think that would be in advance and premature, his request, at this time.

**MR. MCNAIR:** Well, Your Honor, my motion is not directed to jury instruction, it's directed to what appears to be an attempt to ambush the Plaintiff with some convoluted and unsupported argument of constructive eviction.

**MR. PAPA:** I recognize that it's unsupported at this time. I withdraw my request for jury instruction and will resubmit them again later, after the evidence is done and we can see where we're at.

**MR. MCNAIR:** And again, I'm not talking about jury instruction, I'm talking about trying to put evidence in front of the jury or argue constructive eviction, which is a fairly complicated topic and it hasn't been raised by the pleadings and has not been explored by the parties in discovery or at the prior hearing in this case.

**THE COURT:** Never raised, counsel, nothing in here. You are forbidden to talk about constructive eviction. You have not raised it in your pleadings, none of your pleadings have given him advance notice, so it's not allowed.

(N.T.1 at 18:14-20:5). As illustrated above, Appellants' counsel admitted on the record he did not plead the issues of justification and constructive eviction. Further, as to the issue of whether Appellants were forced out of the leasehold, after review of Appellants' Preliminary Objections, Answer, Pre-Trial Narrative, and even the transcript of the Status Conference on July 19, 2017, Appellants' counsel never raised this issue prior to the morning of the jury trial. Because Appellants failed to raise properly the issues of being forced out of the leasehold, justification,

and constructive eviction, this Trial Court properly ruled on these issues as being waived by the Appellants as per the Pennsylvania Rules of Civil Procedure Rule 1030.

Appellants' second issue concerns whether this Trial Court erred in permitting the introduction of evidence of a business record sent to Appellants' counsel, showing the amount owed to Appellee, from Appellee's property manager as a part of his regularly conducted activities. "Hearsay is not admissible except as provided by these rules, by other rules prescribed by the Pennsylvania Supreme Court, or by statute." Pa.R.E. 802. Two such exceptions to the rule against hearsay are business records and records of a regularly conducted activity. *See* 42 Pa.C.S.A. § 6108; Pa.R.E. 803(6).

When determining whether evidence presented to a court is considered a business record, the Uniform Business Records as Evidence Act provides:

> A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b). "Whether a document should be admitted under the 'business record' exception is within the discretionary power of the trial court provided such is exercised within the bounds of the Uniform Act." *Thomas v. Allegheny & E. Coal Co.*, 455 A.2d 637, 640 (1982). The requirements for Records of a Regularly Conducted Activity are similar to the rule regarding the Uniform Business Records as Evidence:

> (6) Records of a Regularly Conducted Activity. A record (which includes a memorandum, report, or data compilation in any form) of an act, event or condition if:
>
> (A) the record was made at or near the time by—or from information transmitted by—someone with knowledge;

(B) the record was kept in the course of a regularly conducted activity of a "business", which term includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit;

(C) making the record was a regular practice of that activity;

(D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

(E) the opponent does not show that the source of information or other circumstances indicate a lack of trustworthiness.

Pa.R.E. 803(6).

In the instant case, Appellants objected to Appellee's "Exhibit B" (Attached hereto as "Exhibit B"). Appellee's "Exhibit B" is a demand email sent to an attorney representing Appellants in January 2015, containing an itemized list and amounts Appellants owed to Appellee as a result of the breach of the lease along with documentation. The email in "Exhibit B" was sent by Mr. Randy Rydzewski, Associate Broker, Manager, Howard Hanna Commercial, on January 5, 2015. Mr. Rydzewski, who was Appellee's sole witness at the jury trial, indicated:

THE WITNESS: I wrote to –

THE COURT: Okay.

THE WITNESS: – Dr. Gilreath and sent the same letter to his home address in Arizona and his office address in Arizona as well.

BY MR. MCNAIR:

Q. Did you receive any response to that?

A. Response came from another attorney, Joel Snavely, in Erie that he is now representing Dr. Gilreath and all future correspondence should flow to doctor – or excuse me, to Attorney Snavely.

MR. PAPA: Your Honor, I would ask for an offer of proof.

MR. MCNAIR: Your Honor, this is a tabulation of the balance of – that was due on the lease as of January 5, 2015. It was transmitted to doctor – to the defendant's legal representative, Joel Snavely, with supporting documentation.

**THE COURT**: Very well.

(Notes of Testimony, Jury Trial – p.m. session, September 15, 2017, at pg., 45:8-46:1 ("N.T.2")).

After this testimony and an objection by Appellants' counsel, this Trial Court made the following determination:

> **THE COURT**: Yes, they're receipts and they show, yes, and he's offering them under oath and they're admitted. Okay, go ahead.

(N.T.2 at 46:21-23). Here, Exhibit B was admitted as evidence because the creator and custodian of this document was the witness, Randy Rydzewski, manager of the property, who stated the identity and mode of Exhibit B's preparation, and that Exhibit B was made near the time of the condition of having the property remodeled. The document was created in an attempt to collect unpaid expenses from the Appellants' breach of the lease in the course of regularly conducted activity of managing this property; the document was created only a few weeks after the remodeling work was completed; and after being advised from Appellant's attorney at the time that all communication should flow through the attorney. Finally, the sources of information as well as the method and time of preparation were such as to justify Exhibit B's admission. Therefore, Exhibit B was properly admitted into evidence by this Trial Court.

This Trial Court will jointly address Appellant's third and fourth issues as both ultimately involve jury questions. It is the province of the jury to weigh evidence and decide damages. "Assessment of damages is within the province of the jury who, as finders of fact, weigh the veracity and credibility of the witnesses and their testimony." *McManamon v. Washko*, 906 A.2d 1259, 1280 (Pa. Super. 2006) (citing *Dranzo v. Winterhalter*, 577 A.2d 1349 (Pa. Super. 1990))

> When reviewing an award of damages, we are mindful that:
>
> The determination of damages is a factual question to be decided by the fact-finder. The fact-finder must assess the testimony, by weighing the evidence and determining its credibility, and by accepting or rejecting the estimates of the damages given by the witnesses.

Although the fact-finder may not render a verdict based on sheer conjecture or guesswork, it may use a measure of speculation in estimating damages. The fact-finder may make a just and reasonable estimate of the damage based on relevant data, and in such circumstances may act on probable, inferential, as well as direct and positive proof.

*J.J. DeLuca Co. v. Toll Naval Assocs.*, 56 A.3d 402, 417–18 (Pa. Super. 2012) (citing *Liss & Marion, P.C. v. Recordex Acquisition Corp.*, 937 A.2d 503, 514 (Pa. Super. 2007)). "[T]he jury's verdict may be set aside if it is the product of passion, prejudice, partiality, or corruption, or if it is clear the verdict bears no reasonable relationship to the loss suffered by the plaintiff based on the uncontroverted evidence presented." *Carroll v. Avallone*, 939 A.2d 872, 874 (2007) (citing *Kiser v. Schulte*, 648 A.2d 1 (1994)).

Appellants are appealing from an award by a jury. Appellants raised the issue during trial as to whether the "build-out" fees were reasonable; in fact Appellants' counsel acknowledged that reasonableness is a question for the jury.

> **MR. PAPA:** To protect the record, I would orally move that all defendants owe nothing. I would direct that certainly Dr. Gilreath owes nothing. Third, my argument is that nobody owes at the very least 6500, and I think 16,000 at the constantly accruing interest, and I wanted to preserve the record that I made that motion before I put my case on.
>
> **THE COURT:** Very well.
>
> **MR. MCNAIR:** Your Honor, I believe that those are all provided for in the lease and that we've proved the lease and we've proved the breach and we've proved our entire damages. I would move that you direct a verdict in favor of the plaintiff. Or maybe that's a little aggressive. I would ask that you deny the plaintiff's motion – or the defendant's motion.
>
> **THE COURT:** Thank you.
>
> **MR. PAPA:** I understand the reasonableness is a jury question.
>
> **THE COURT:** Yes, and it's denied, but you protected the record. Are you going to give your opening statement like you said?

(N.T.2 at 119:13-120:10).

First, it should be noted this Trial Court is neither the finder of fact nor does it determine damages at a jury trial. The jury heard the testimony and made its decision, and no evidence was presented by Appellants that the jury award was a product of passion, prejudice, partiality, or corruption. Furthermore, the jury awarded Appellee $30,684.57; however, the Appellee presented evidence demonstrating that it could seek damages as high as nearly $70,000, but rather was seeking the maximum amount of damages of $46,000. (N.T.2 at 178:23). This demonstrates the award has a reasonable basis in loss to the Appellee based upon the evidence heard by the jury and therefore the award should not be disturbed.

Accordingly, for all of the reasons set forth above and in this Trial Court's original 1925(a) Opinion dated February 26th, 2018, which is incorporated by reference, this Trial Court requests the Honorable Pennsylvania Superior Court to dismiss this instant appeal and respectfully requests the Pennsylvania Superior Court affirm the jury award and this Trial Court.

BY THE COURT:

Stephanie Domitrovich, Judge

cc:    Angelo A. Papa, Esq., 318 Highland Ave., New Castle, PA 16101
Timothy D. McNair, Esq., 821 State Street, Erie, PA 16501

Randy Rydzewski

**Sent:** Monday, January 05, 2015 2:03 PM

**To:** jsnavely@quinnfirm.com

Happy New Year Joel!

I am writing as a follow up to our ongoing discussion regarding your client, Dr. Gilreath. Paragraph 4b of our lease provides for an annual reconciliation of the CAM expenses. We were preparing this information on Saturday for all of the tenants in the building and realized that as a result of the severe winter we had last year that Dr. Gilreath owes an additional $1,011.40 in additional rent. A copy of the reconciliation is attached. I have also attached supporting documentation for all of the costs that Dr. Gilreath is responsible for, summarized as follows:

$11,908.00 - Overdue rent from 06/14 through 10/14
$16,448.50 - Required improvements to the space as outlined on Exhibit C of new lease
$ 6,300.00 - Leasing commission
$    119.25 - Cost to change locks
$    302.10 - Cleaning cost
$     13.30 - Postage
$  1,011.40 - CAM reconciliation
$36,102.55 - Subtotal
$-1,750.00 - Security Deposit
$34,352.55

In my original correspondence to Dr. Gilreath I indicated that he had until November 5, 2014 to pay his overdue balance without incurring any late charges or penalties. Most recently, we agreed to a rather substantial discount provided the balance due was paid by December 22nd. Thus far, we have not received payment. As such, we are now enforcing the 10% late charge as outlined in Paragraph 18 of our lease agreement. As a result, an additional $2,290.17 is now due and payable. This amount represents 8/12 of a year of the 10% penalty brining the total amount due to $36,642.72. I have been instructed by my partners to pursue any legal steps necessary for collection if the full balance is not paid by February 1, 2015. I would certainly appreciate it if we could avoid this. Please make arrangements with Dr. Gilreath for payment.

Thank you,

Randy Rydzewski, GRI
Associate Broker, Manager
Howard Hanna Commercial
4244 West 12th Street
Erie, PA 16505

(814) 480-8400 x 312 (phone)

https://legacy.howardhanna.com/owa/?ae=Item&t=IPM.Note&id=RgAAAAD%2b6jOllYC.



# NUCERINO General Contracting Company

**2060 Elk Creek Road**
**Waterford, Pa 16441**
**(814) 796-2435 Phone &**

**New Fax Number**
**(814) 796-0030**

# INVOICE

| NO. | DATE |
|-----|------|
| 24018 | 10/22/14 |

RANDY RYDZEWSKI
NIAGARA LIMITED PARTNERSHIP
2380 Village Common Dr
Erie, Pa

---

Project: Suite 202

---

Terms: Due upon receipt

---

WORK COMPLETED PER PROPOSAL 3076     $ 15,976.00
Invoice billed   10/17/14 (POT PAID) —     9,000.00          9,000.00

                                                  $ 6,976.00

Additional countertop  ($ 585.00)
Split by owner & contractor                          292.50

TOTAL INVOICE                                  $  7,268.50
                          Additional electric      + 180.00
                                  Total →         16,448.50

Pd - 10/24/14 - Ck# 2741
$ 16,448.50

| TOTAL | $ ~~7,268.50~~ |

**NUCERINO** General Contracting Company

2060 Elk Creek Road
Waterford, Pa 16441
(814) 796-2435 Phone &

New Fax Number
(814) 796-0030 —

# INVOICE

| NO. | DATE |
|-----|------|
| 24019 | 10/22/14 |

RANDY RYDZEWSKI
NIAGARA LIMITED PARTNERSHIP
2380 Village Common Dr
Erie, Pa

Project: Suite 202

Terms: Due upon receipt

ADDITIONAL ELECTRICAL WORK: Add (1) double
   duplex receipticle                                    $180.00

pd - 10/24/14 - Included in ck # 274
$16,448.50

| | |
|---|---|
| TOTAL | $ 180.00 |

# HOWARD HANNA COMMERCIAL

Invoice No. 2014-10

4244 WEST 12TH STREET
ERIE, PA 16505
814-480-8400

## = INVOICE =

**Customer**

NIAGARA VILLAGE LIMITED PARTNERSHIP
4244 WEST 12TH STREET
ERIE       PA     16505

| | |
|---|---|
| Date | 10/1/2014 |
| Invoice No. | 2014-10 |
| Rep | |
| FOB | |

| Description | | TOTAL |
|---|---|---|
| PROPERTY ADDRESS: | 5473 VILLAGE COMMON DRIVE #202 | |
| TENANT: | NORTH COAST FOOT & ANKLE PC | |
| LEASE TERM: | 11/01/2014 - 10/31/2019 | |
| LEASE COMMISSION: | 6% | |
| | | |
| COMMISSION DUE | 11/01/2014  ($21,000/YR X 5 YRS X 6%) | $6,300.00 |

**Payment Details**

O   Cash
◉   Check
O   Credit Card

Name   N/A
CC #   N/A
     Expires   N/A

Office Use Only

# Harry E. Mueller

The Key Man
445 W. 8th Street
Erie, PA 16502

814-452-3345    Fax: 814-454-5054

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/24/2014 | 162001 |

| Bill To | Ship To |
|---------|---------|
| Niagara Village Prof. Bldg.<br>4244 West 12th Street<br>Erie PA 16505 | |

| P.O. No. | Terms | Rep | Ship Date | Ship Via | Project | Job Card # |
|----------|-------|-----|-----------|----------|---------|------------|
| Randy Ryzewski | Net 30 | | 10/24/2014 | | | 53436 |

| Qty | Item | Description | Rate | Amount |
|-----|------|-------------|------|--------|
| 2 | SRV-RECORE | RECORE CYLINDER REKEYED | 17.50 | 35.00T |
| 13 | SRV-KEY-SINGLE | SINGLE SIDED DUPLICATE KEY | 1.75 | 22.75T |
| 1 | SRV-CALL1 | SERVICE CALL / LABOR | 54.75 | 54.75T |
| | | RE;  Suite 202 | | |

| | |
|---|---|
| Subtotal | $112.50 |
| Sales Tax  (6.0%) | $6.75 |
| Total | $119.25 |

pd 10/29/14 - ck# 2746 - # 119.25

**Diamond Cleaning Corp**
1446 East 34th St.
Erie, PA 16504

# Invoice

Invoice #: 2063
Invoice Date: 10/31/2014
Due Date: 11/30/2014
Project:
.P.O. Number:

**Bill To:**

NIAGARA VILLAGE PARTNERSHIP
4244 WEST 12TH ST
ERIE, PA. 16505

| Date | Description | Amount |
|------|-------------|--------|
| 10/31/2014 | Cleaning New Office for Foot Doctor's<br>Work included:  Stripping and Waxing ( 5 ) offices,  cleaning all cabinets, ceiling vents, and vacumming all carpeting.  Also removed trash to dumpster.<br>Work was completed on October 26 & 27th , 2014.<br>Sales Tax | 285.00T<br><br><br>17.10 |

pd 11/5/14 - ck# 2751 - $302.10

| | |
|---|---|
| **Total** | $302.10 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $302.10 |

```
                PRESQUE ISLE PO
              Erie, Pennsylvania
                  165063100
               4125460002 -0097
  10/01/2014     (800)275-8777    04:46:25 PM

                 Sales Receipt
  Product           Sale  Unit       Final
  Description       Qty   Price      Price

  @@ ~~ GOODYEAR AZ 85395-2287        $6.65
  Zone-7
  Priority Mail 2-Day By Weight
   2.10 oz.
  Expected Delivery: Fri 10/03/14
  USPS Tracking #:
  9114 9011 5981 5870 7789 86
  Includes $50 insurance

  Issue Postage:                      $6.65

  @@ ~~ GLENDALE AZ 85306-1701        $6.65
  Zone-7
  Priority Mail 2-Day By Weight
   2.80 oz.
  Expected Delivery: Fri 10/03/14
  USPS Tracking #:
  9114 9011 5981 5870 7790 06
  Includes $50 insurance

  Issue Postage:                      $6.65


  Total:                             $13.30

  Paid by:
  VISA                               $13.30
    Account #:      XXXXXXXXXXXXX3847
    Approval #:     677852
    Transaction #:  481
    23 903050011

  @@ For tracking or inquiries go to
  USPS.com or call 1-800-222-1811.
  *****************************************
  *****************************************
  BRIGHTEN SOMEONE'S MAILBOX. Greeting cards
  available for purchase at select Post
  Offices.
  *****************************************
  *****************************************


  In a hurry? Self-service kiosks offer
```

delivered 10/3/14 12:45

delivered 10/31/14 @ 11:47 am

## NIAGARA VILLAGE PROFESSIONAL BUILDING
### 5473 Village Common Drive
### Erie, PA

## COMMON AREA EXPENSES
2014 Calendar Year
Based on 38,980 SF of rentable area

Unit No. 202
Tenant: HDSCO8
Rentable SF: 1,259
% of Rentable SF: 3.23%

| | |
|---|---|
| Real estate taxes | $ 82,031.24 |
| Insurance | 8,627.00 |
| Landscaping | 11,962.82 |
| Snow Removal | 34,111.31 |
| Facility Management | 30,929.73 |
| Required Inspections | 2,150.45 |
| Misc. Common Repairs | 9,267.12 |
| Parking Lighting | 3,857.94 |
| Parking Lot Repair | 3,100.00 |
| Gas | 1,032.02 |
| Sewer | 7,056.00 |
| Water | 8,037.13 |
| Common Janitorial | 4,934.30 |
| Common Janitorial Supplies | 939.07 |
| Electric (includes HVAC) | 55,232.70 |
| Dumpster Service | 8,958.00 |

| | | |
|---|---|---|
| | $272,226.83 | 2014 Operating Expenses |
| x | 3.23% | HDSCO8 Share |
| $ | 8,792.93 | |
| - | 7,579.20 | Annualized credit for payments (12 x $631.60) |
| | 1,213.73 | |
| x | 83.33% | New tenant moved in 11/01/14 |
| $ | 1,011.40 | Amount Due from HDSCO8 for '14 |

NVCAM/HDSCO8CAM14