J-S01026-18

2018 PA Super 34

| | | |
|---|---|---|
| MELISSA KESSLER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PUBLIC DOCUMENTS PEN REGISTER | : | No. 1328 MDA 2017 |
| AND WIRE TAPS | : | |

Appeal from the Order Entered August 1, 2017
In the Court of Common Pleas of Clinton County Criminal Division at
No(s): CP-18-MD-0000128-2017

BEFORE: GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

OPINION BY MURRAY, J.: **FILED FEBRUARY 20, 2018**

Melissa Kessler ("Appellant") appeals *pro se* from the order denying her motion to intervene and request to view sealed wiretap records in another individual's completed criminal case. We affirm. Additionally, the Commonwealth has filed an application to stay this appeal and to remand to the trial court. We deny the Commonwealth's application.

The Commonwealth provides the following factual background. In 2003, Jeremy Baney entered a guilty plea to corrupt organizations and drug offenses arising from his participation in a drug distribution ring. He was sentenced to a maximum of 39 years' incarceration and this Court affirmed the judgment of sentence on direct appeal. Baney has since filed numerous

unsuccessful Post Conviction Relief Act[1] ("PCRA") petitions and other pleadings seeking relief.[2] Pertinently, on June 9, 2017, the trial court denied Baney's motion to unseal sealed wiretap and pen register records (collectively, the "wiretap records") that were part of the criminal investigation against him.[3] Commonwealth's Brief at 2-3.

Six days later, on June 15, 2017, Appellant filed a *pro se* "Motion to Intervene with Rule to Show Cause Why the Public Judicial Documents Should Not Be Copied and Reviewed." Appellant sought permission to review the same sealed wiretap records. Appellant was not a defendant in any of the criminal cases related to the records, but argued that she, as a member of the general public, had a constitutional right of access to public judicial documents.[4] Appellant further argued, in the alternative, that on May 3, 2017, the trial court unsealed the records and allowed the

_____

[1] 42 Pa.C.S.A. §§ 9541-9546.

[2] *See, e.g., Commonwealth v. Baney*, 744 MDA 2015 (judgment order filed Dec. 15, 2015) (affirming dismissal of fourth PCRA petition as untimely).

[3] The Commonwealth also avers the wiretap records were provided to Baney in pretrial discovery and Baney filed a suppression motion which addressed the wiretap records. Appellant has filed a reply brief, asserting that the Commonwealth has not proved that it provided the wiretap records to Baney in discovery.

[4] Appellant has not provided any explanation of her relationship to Baney or the other defendants.

Commonwealth to copy and take, without returning, the records, and thus the records were no longer under seal. The Commonwealth filed a response arguing that Appellant lacked standing to view the sealed records. On August 1, 2017, without holding a hearing, the trial court denied Appellant's motion to intervene and her request to review the sealed records, finding that she lacked standing because she had no direct or immediate interest in the records.[5] Appellant filed a timely notice of appeal and complied with the court's order to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant presents the following issues for review:

[1.] Are the pen registers and wiretaps that were used in the investigation of 15 co-defendants and relied upon by [J]udges Sanders and Saxton to make judicial decisions in those cases considered public judicial records?

[2.] Are the pen registers and wiretaps still sealed when the time period for keeping them sealed by statute has expired and without a continued court order from the court sealing them again, would render them unsealed, and after 15 years the reason for initially sealing them has concluded?

[3.] Did [J]udge Miller abuse his discretion by denying [Appellant's] request to view and copy the pen registers and wiretaps?

[4.] Did [J]udge Miller unseal the pen registers and wiretaps when he opened the sealed envelope and allowed the Pa. Attorney General's Office to leaves [sic] the courthouse with a copy and not return said copy as required by statute?

_____

[5] In its opinion, the trial court also referred to Baney's request to unseal the wiretap records and noted it had denied that request.

[5.] Did the Attorney General's Office meet its burden for why the pen registers and wiretaps should not be given to [Appellant] and copied?

[6.] If the pen registers and wiretaps are still sealed then did [Appellant] meet her burden for why the records should be unsealed?

Appellant's Brief at 4 (unpaginated).

With respect to our jurisdiction, this Court has stated:

As a general rule, an appeal will not lie from an order denying intervention, because such an order is not a final determination of the claim made by the would-be intervenor. However, in some cases, the order denying intervention has the practical effect of denying relief to which the intervenor is entitled and which he can obtain in no other way. Such an order will be deemed final, and an appeal therefrom will be allowed. In order to determine the appealability of an order denying intervention, therefore, one must examine the ramifications of the order to determine whether it constitutes a practical denial of relief to which the petitioner for intervention is entitled and which he can obtain in no other way.

Often, it is necessary to examine the merits of an appellant's petition in order to determine whether the court's order results in a practical denial of relief to which the appellant is entitled but which can be secured in no other way.

*First Commonwealth Bank v. Heller*, 863 A.2d 1153, 1155 (Pa. Super. 2004) (citation omitted).

Here, the trial court's order dismissing Appellant's motion to intervene and denying her request to review the sealed records had the practical effect of denying her the requested relief: access to the sealed records. Accordingly, we deem the court's order to be final for purposes of appeal. *See id.*

- 4 -

We address Appellant's first, third, and fifth issues together. First, she avers the sealed wiretap records are "public judicial records" because they were relied upon by the magistrate and trial judges in rendering "125 judicial decisions" in the criminal cases of "15 co-defendants," including Baney. Appellant's Brief at 19-20 (unpaginated). Appellant contends she, as a member of the general public, has both a common law right and constitutional right to access these "public judicial records," which, she adds, were based on illegal wiretapping. *Id.* at 5, 20, 23 (***citing Goldstein v. Forbes***, 260 F.3d 183, 192 (3d. Cir. 2001) (it is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records); ***Commonwealth v. Long***, 922 A.2d 892, 897 n.6 (Pa. 2007) (Pennsylvania common law provides the right of public access to inspect and copy criminal case documents, and the United States Supreme Court has spoken of First Amendment right to access judicial proceedings and "information" contained therein).

In her third issue, Appellant initially alleges the trial court failed to state a reason for denying her request to review the records, but then asserts that the court unreasonably provided a "boiler plate denial based upon lack of standing." Appellant's Brief at 35-36. Appellant contends neither of the cases relied upon by the trial court, ***Commonwealth ex rel. Judicial Conduct Board v. Griffin***, 918 A.2d 87 (Pa. 2007), and ***Pa. Gaming Control Bd. V. City Council of Philadelphia***, 928 A.2d 1255 (Pa.

- 5 -

2007), is on point or relevant to the issue of access to public judicial records, and likewise, the question of whether she has a direct interest in the documents is not relevant. Instead, Appellant insists the threshold inquiry in this matter is simply whether the documents sought are public judicial documents available to the general public *via* the common law right of access. Appellant's fifth issue — whether the Commonwealth met its burden of establishing why the documents should not be provided to her — consists of a three-sentence reiteration of the arguments made under her third issue. Finally, we note that Appellant contends, for the first time, that her purpose for seeking the wiretap records is to obtain evidence to support Baney's PCRA petition. Appellant's Brief at 6, 44 (unpaginated).

The Commonwealth counters that the trial court properly concluded that Appellant lacked standing because she does not have a substantial interest in the wiretap records. Appellant's reply brief avers that the Commonwealth has not addressed any of the arguments in her initial brief, and further asserts there is no case authority on standing for unsealing wiretap records.

"It is well established that a question of intervention is a matter within the sound discretion of the trial court and absent a manifest abuse of such discretion, its exercise will not be disturbed on review." ***First Commonwealth Bank***, 863 A.2d at 1155.

Upon review of Pennsylvania appellate case law, we agree with

Appellant that there is no decision addressing the issue presented here: whether an individual has standing to invoke the common law, or a constitutional right to view sealed wiretap records pertaining to criminal cases in which she has averred no personal or legal interest. Nevertheless, we note Sections 5714(b) and 5715 of the Wiretapping and Electronic Surveillance Control Act ("Act") provide that wiretap recordings and final reports shall be transferred to the court and sealed. 18 Pa.C.S.A. §§ 5714(b), 5715. Section 5715 further provides:

> [Wiretap final reports] may be disclosed only upon a showing of good cause before a court of competent jurisdiction except that any investigative or law enforcement officer may disclose such . . . records to investigative or law enforcement officers . . . to the extent that such disclosure is appropriate to the proper performance of the official duties of the officer making or receiving the disclosure.

18 Pa.C.S.A. § 5715.

> Furthermore, in *Griffin*, our Supreme Court stated:
>
> Standing is a core jurisprudential requirement that looks to the party bringing a legal challenge and asks whether that party has actually been aggrieved as a prerequisite before the court will consider the merits of the legal challenge itself. A party who is not adversely affected by the matter he seeks to challenge is not "aggrieved" and therefore does not have standing.

*Griffin*, 918 A.2d at 93 (citations omitted).

Although the trial court did not address whether Appellant established "good cause" for disclosure of the wiretap records under Section 5715, we conclude she has not. Both in the trial court and on appeal, Appellant relied on her status as a member of the general public to argue she had a common

law and constitutional right of access to the wiretap records, without addressing the significance of the fact that the records are sealed. In the absence of any legal authority or argument as to why the records should be unsealed, we hold that the trial court did not err in denying Appellant's request to review the records. Furthermore, Appellant does not refute the trial court's finding that she failed to establish any direct or immediate interest in the wiretap records. On appeal, Appellant admits her purpose for seeking the records is to obtain evidence in support of Baney's PCRA petition. Because this claim was not raised before the trial court, it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Even if it were not waived, Appellant's mere assertion of supporting Baney's PCRA petition, without any explanation of her relationship to Baney or stake in his post-conviction proceedings, fails to establish a direct or immediate interest in his case. To this end, we further agree with the trial court that Appellant lacked standing to intervene in Baney's case and request access to the sealed wiretap records. Accordingly, we hold that the trial court did not abuse its discretion in denying Appellant's motion to intervene. *See First Commonwealth Bank*, 863 A.2d at 1155.

In her second issue, Appellant asks, "Are the pen registers and wiretaps still sealed when the time period for keeping them sealed by statute has expired and without a continued court order from the court sealing them

again, would render them unsealed, and after 15 years the reason for initially sealing them has concluded?" Appellant's Brief at 34. However, she provides absolutely no discussion in support of this issue. Accordingly, it is waived. *See Commonwealth v. English*, 699 A.2d 710, 714 n.5 (Pa. 1997) (issue included in statement of question involved but not supported by any argument in brief is waived).

In her fourth claim, Appellant avers that on May 3, 2017, the trial court issued an order unsealing the wiretap records and allowing the Commonwealth to copy them. She further asserts that the trial court did not require the Commonwealth to return the records and thus reasons that pursuant to 18 Pa.C.S.A. § 5714(b), the seal has been broken and she is entitled to view the records.

The record does not support Appellant's claim that the trial court unsealed the wiretap records on May 3, 2017; there is no indication of any such unsealing order in the record. Therefore, any argument based on such a fact is meritless.

Appellant's sixth and final claim is that even if the wiretap records remain under seal, she has met her burden of establishing why they should be unsealed. Appellant asserts her "good cause" for reviewing the records is to obtain evidence in support of Baney's PCRA petition, to "keep the court honest because of the amount 125 judicial decisions made upon them, and 50-100 in prison sentences based upon the illegal pen/taps [sic]."

Appellant's Brief at 44 (unpaginated).

As stated above, any claims that Appellant is seeking the sealed wiretap records for Baney's PCRA proceedings is waived. Furthermore, as stated above, Appellant does not explain why she has any direct or immediate interest in the allegedly illegally procured wiretap recordings.[6] Accordingly, no relief is due.

Finally, we consider the Commonwealth's application filed in this Court to stay the appeal and remand this case back to the trial court to determine whether Appellant's pleadings in this case were in fact filed by Baney. The Commonwealth states that copies of pleadings it received that are attributed to Appellant were mailed from Baney in state prison. The Commonwealth further argues that Baney, who is not a party to the instant appeal nor a member of the Pennsylvania Bar, cannot represent Appellant in this appeal. Appellant has filed an answer, admitting Baney sent copies of pleadings to the Commonwealth, but maintaining that it was she who filed the original pleadings.

Given our conclusion that the trial court properly denied Appellant's motion to intervene, we decline to stay this appeal and deny the

_____

[6] In any event, Appellant disregards that because Baney **pled guilty**, he waived any suppression challenge on appeal. *See Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (upon entry of guilty plea, defendant waives all claims and defenses other than those sounding in jurisdiction of court, validity of plea, and what has been termed "legality" of sentence imposed).

Commonwealth's application to remand this case to the trial court.

Order affirmed. Commonwealth's application to stay appeal and remand denied.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/20/2018