J-S16035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: APRIL THOMAS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: APRIL THOMAS | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1915 MDA 2017 |

Appeal from the Order Entered October 17, 2017
in the Court of Common Pleas of Clinton County
Criminal Division at No.:  CP-18-MD-0000170-2017

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED MAY 08, 2018**

Appellant, April Thomas (Rinehart), appeals *pro se* from the order denying her motion to intervene, requesting to view sealed wiretap records in another individual's completed criminal case and for recusal of the presiding judge.  Specifically, Appellant seeks, *inter alia*, the unsealing of records relating to wiretapped conversations which stemmed from an investigation of illegal drug activity against her brother, Jeremy Baney (and others).  Appellant is not a party to Baney's case, and was not charged with any crime on this matter.  She fails to prove she is aggrieved by the denial of the relief requested.  Therefore, she lacks standing.  Accordingly, we affirm.

It is undisputed that in 2003, Baney entered a negotiated guilty plea to possession with intent to deliver (PWID), corrupt organizations, and other

_____
*   Retired Senior Judge assigned to the Superior Court.

related drug offenses. He received a sentence of not less than twenty nor more than thirty-nine years' incarceration. This Court affirmed.

Baney filed numerous petitions for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546, and other litigation, largely unsuccessful. **See, e.g.**, **Commonwealth v. Baney**, No. 744 MDA 2015, 2015 WL 8805938, (Pa. Super. filed December 15, 2015) (unpublished memorandum) (affirming dismissal of Baney's fourth PCRA petition). Baney also filed a similar petition seeking the wiretap documentation at issue here for himself. The trial court denied his request.

Appellant's purportedly "*pro se*" motion substantially tracks Baney's own prior motion for similar relief, as well as another one by Melissa Kessler, also denied (in a published opinion).[1] **See Kessler v. Pub. Documents Pen Register & Wire Taps**, 180 A.3d 406 (Pa. Super. 2018).

There were several orders issued in this matter. Appellant claims to have filed a timely appeal from the order denying her motion. The docket does not support her assertion. Appellant does not specify which order she is appealing. However, we give her the benefit of the doubt on her contention that she timely filed a notice of appeal, which the clerk of courts somehow

---

[1] In fact, in numerous instances, the name of Melissa Kessler remains where the references in context leave no doubt that the intended name should have been that of Appellant, April Thomas. (**See** Petition to Intervene of April Thomas, filed 11/17/17, at ¶¶ 10, 15, 16, 17, 18).

failed to record and in the interest of judicial economy, we will review her claims. Appellant filed a Rule 1925(b) statement of errors on November 14, 2017.[2] The trial court filed an opinion on November 21, 2017. *See* Pa.R.A.P. 1925(a), (b).

Appellant's first statement raises a pastiche of a dozen issues, several over-lapping.[3] We address the issue of Appellant's standing first.

---

[2] Without leave of court, Appellant also filed a purported amended statement of errors on December 8, 2017. For purposes of our review, we ignore Appellant's late-filed amended statement of errors.

[3] Appellant nominally presents twelve questions for appellate review:

1. Did [the trial court] abuse [its] discretion when [it] denied Appellant's motion to intervene a couple days after Commonwealth's answer was filed thereby not giving [A]ppellant time to respond to Commonwealth's Answer?

2. Did [the trial court] abuse [its] discretion when [it] denied Appellant's motion to intervene because she lacks standing, when in fact, her phone was tapped, her residence was searched, and her place of, business was searched, so clearly she has standing?

3. Are the pen registers and wiretaps that were used in the investigation of 15 co-defendants and relied upon by three judges to make 125 judicial decisions in those cases considered public judicial documents?

4. Did [the trial court] abuse [its] discretion by denying [A]ppellant's motion to intervene to review and copy the pen registers and wiretaps?

5. Did [the trial court] unseal the pen registers and wiretaps when [it] opened the sealed envelop[e] and allowed Pa. Attorney General's Office to leave the courthouse with a copy of the pen

An individual is aggrieved where he has a direct, immediate and substantial interest in the matter sought to be litigated. Common law standing is not accorded those who merely share in the common interest of all citizens in ensuring obedience to our laws.

_____

registers and wiretaps and not return sad [sic] copy as required by law[?]

6. Did the Attorney General's Office meet its burden for why the pen registers and wiretaps should not be given to Appellant for review and copying?

7. If the pen registers and wiretaps are still sealed then did Appellant meet her burden of showing good cause for why the records should be unsealed for review and copying?

8. Did [the trial court judge] error [sic] and abuse his discretion when he denied Appellants [sic] motion to recuse him from this action when he showed a personal bias concerning a party, he has personal knowledge of disputed evidentiary facts concerning these proceedings[?]

9. Does a illegally [sic] started pen register or wiretap still receive the protection of the Wiretap Act in regards to being sealed or does the illegally started pen register or wiretap acquired in violation of the Wiretap -Act not receive its protections and the pen register or wiretap has never been sealed?

10. Did [the trial court] abuse [its] discretion when [it] denied Thomas and Baney's Motion to Disclose Pen Registers and Wiretaps pursuant to 18 Pa. C.S.A. 5715?

11. Did [the trial court] abuse [its] discretion when [it] denied Thomas and Baney's Motion to inspect Pen Registers and Wiretaps pursuant to 18 Pa. C.S.A. 5716(c), when both parties were participants in the recordings and communications that were monitored?

12. Did [the trial court] abuse [its] discretion when it denied Appellant's motion to unseal pen registers and wiretaps?

(Appellant's Brief, at unnumbered pages 7-8).

> On appeal, our standard of review on the issue of standing is whether the trial court abused its discretion or committed an error of law.

*In re Hickson*, 765 A.2d 372, 376 (Pa. Super. 2000), *affirmed*, 821 A.2d 1238 (Pa. 2003) (citations and quotation marks omitted).

In this case, Appellant has failed to meet her burden of proving that she has a substantial, direct and immediate interest in the outcome of the litigation, which surpasses the common interest of all citizens in procuring obedience to the law. Accordingly, she lacks standing to petition the trial court for the requested relief, or to challenge the trial court's decision on appeal.

Because Appellant lacks standing to pursue any of her claims, we need not review the merits of her various purported issues, and we decline to do so. If we were to review Appellant's claims on the merits, we would affirm the trial court's disposition on the basis of this Court's opinion in *Kessler*, *supra* at 408-11.[4]

We also take note that Appellant's *pro se* brief, running to hundreds of irregularly paginated and frequently unnumbered pages, without prior request for an extension of our page limits, is in flagrant, even if inadvertent, violation of our rules of appellate procedure. *See* Pa.R.A.P. 2135.

---

[4] Moreover, on independent review, if we were to review Appellant's claims, we would find all of her issues waived for failure to present an orderly, comprehensive statement of the case, or to develop an argument, supported by pertinent authority, with respect to each of her assorted claims. *See* Pa.R.A.P. 2101; Pa.R.A.P. 2117; Pa.R.A.P. 2119(a), (b).

- 5 -

After the fact, Appellant has petitioned this Court for permission to file yet another brief expressly exceeding the prescribed page limit. (*See* Petition for Permission to File Brief Exceeding Page Limit, 3/09/18). Appellant's petition is denied as moot.

The Commonwealth has applied to submit a post-submission pleading, calling our attention to the recently published decision in *Kessler*, *supra*. As previously noted, we recognize *Kessler* as controlling authority. Because we have already done so, we deny the Commonwealth's application, albeit solely on the ground that it is moot. The Commonwealth is not required to file another post-submission pleading.

Order affirmed. All of Appellant's motions denied. Appellant's petition denied as moot. Commonwealth's application denied as moot.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/8/2018