J-S29020-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| GARY LEE GERBER, JR. | : | |
| | : | |
| APPEAL OF: AMANDA L. GERBER | : | No. 247 EDA 2021 |
| | : | |

Appeal from the Order Entered November 30, 2020
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s): CP-45-CR-0000112-2007.

BEFORE: PANELLA, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED NOVEMBER 23, 2021**

Amanda L. Gerber appeals *pro se* from the order denying her motion to intervene and review certain evidence in her father's second petition for post-conviction relief.[1] Ms. Gerber is not a party to her father's case and was not charged with any crime in connection therewith. Therefore, the PCRA court properly concluded that she failed to prove she was aggrieved by the denial of the relief requested. Accordingly, we affirm.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] ***See Commonwealth v. Gerber***, No. 2067 EDA 2020.

It is undisputed that a jury convicted Gary Lee Gerber of first-degree murder in 2010 and this Court affirmed his judgment of sentence. ***See generally***, ***Commonwealth v. Gerber***, 118 A.3d 440 (Pa. Super. 2015). Gerber also unsuccessfully litigated his first PCRA[2] petition. ***Commonwealth v. Gerber***, 181 A.3d 435 (Pa. Super. 2017), *appeal denied*, 186 A.3d 938 (Pa. 2018). The denial of Gerber's second PCRA petition is currently pending before this panel.[3]

The facts pertinent to this appeal are as follows: On October 29, 2020, Ms. Gerber filed a *pro se* motion to intervene in the litigation of her father's second PCRA petition.[4] According to Ms. Gerber, a month earlier she had filed a "complaint" with the Monroe County District Attorney's office alleging that a Pennsylvania State Police officer misrepresented forensic tire-impression evidence in Gerber's trial, but she received no response. In her motion to intervene, Ms. Gerber argued to the PCRA court that it should grant her access to photograph four tire-impression casts admitted at Gerber's trial and marked as exhibit C-66. In the alternative, Ms. Gerber requested photographs of this evidence.

---

[2] Post Conviction Relief Action, 42 Pa.C.S.A. §§ 9541-9546.

[3] ***See*** n.1.

[4] Ms. Gerber entitled this motion as follows: "Emergency Motion for Intervenor Access to Inspect the Tire Impression Cast Evidence in the Case File of Commonwealth v. Garry Lee Gerber, Jr."

Within her motion, Ms. Gerber also cited a mission to: "(1) build a platform, in collaboration with staff and students at the University she attended, to visually demonstrate how evidence was misrepresented at Gerber's trial, and (2) to use this data to advocate for the creation of a 'Monroe County Conviction Integrity Unit.'" *See* Order, 11/30/20, at 2.

In an order entered November 30, 2020, the PCRA court denied Ms. Gerber's petition. The court found that "it appears [Ms. Gerber's] sole purpose in filing her **Motion to Intervene** is to obtain evidence [for] a subsequent Gerber PCRA Petition." Order, 11/30/20, at 3 (emphasis in original). After citing applicable case law, the court concluded that Ms. Gerber lacked standing because she "failed to establish a direct or immediate interest in the case beyond supporting a subsequent PCRA petition." *Id.* In addition, the court concluded that Ms. Gerber's familial relationship with Gerber did not establish standing in the case. Thus, the PCRA court denied Ms. Gerber's motion. This appeal followed. Both Ms. Gerber and the PCRA court have complied with Pa.R.A.P. 1925.

Ms. Gerber raises the following issues on appeal:

A. The [PCRA] court erred when it failed to consider [Ms. Gerber's] request to view public judicial records under the asserted common law presumptive right of public access; under Article [I], sections 7,9, and 11 of the Pennsylvania Constitution; and under the First Amendment of the United States Constitution. These errors constitute an abuse of discretion and were based on erroneous application of law and findings of fact unsupported by the record.

> B. The [PCRA] court denied [Ms. Gerber] of her Fourteenth Amendment right to equal protection of law by requiring she satisfy an extraordinary burden to access a public judicial record, not otherwise required from any other member of the new media or general public. This error constitutes and abuse of discretion and was based on erroneous application of law and findings of fact unsupported by the record.

Ms. Gerber's Brief at 4 (excess capitalization and footnote omitted).[5]

However, in her appellate brief she modifies her first issue as follows:

> [Ms. Gerber] hereby withdraws her challenge to access public judicial records under Article [I], Sections 7,9, and 11 of the Pennsylvania Constitution, and divides her remaining issues into three subparts: 1) common law right to access; 2) constitutional right to access; and 3) equal right to access.

*Id.* at 33. We address these arguments together.[6]

"It is well established that a question of intervention is a matter within the sound discretion of the trial court and absent a manifest abuse of such discretion, its exercise will not be disturbed." *Kessler*, 180 A.3d at 409.

In *Kessler*, the intervenor, whose relationship to Jeremy Baney's post-conviction proceedings was unknown, sought to view sealed wiretap records from that case. Like Ms. Gerber in this case, Kessler contended that she, as

---

[5] The Commonwealth did not file an appellate brief.

[6] Because the PCRA court's denial of her motion to intervene "had the practical effect of denying her the requested relief," it is a final order, and Ms. Gerber's appeal is properly before us." *Kessler v. Pub. Docs. Pen Reg. & Wire Taps*, 180 A.3d 406, 408 (Pa. Super. 2018).

a member of the general public, had both a common law right and constitutional right to access these "judicial public records." *Id.* at 408.

In addressing the denial of Kessler's motion to intervene, this Court first reiterated the following regarding the standing issue:

> Standing is a core jurisprudential requirement that looks to the party bringing the legal challenge and asks whether that party has actually been aggrieved as a prerequisite before the court will consider the merits of the legal challenge itself. A party who is not adversely affected by the matter he seeks to challenge is not "aggrieved" and therefore does not have standing.

*Kessler*, 180 A.3d at 409-10. We then concluded that Kessler lacked standing because she did "not refute the [PCRA] court's finding that she failed to establish any direct or immediate interest in the wiretap records." *Id.* at 410. In addition, we noted that Kessler's mere "assertion of supporting Baney's PCRA petition, without any explanation of her relationship to Baney or stake in his post-conviction proceedings, [failed] to establish a direct or immediate interest in the case." *Id.* Thus, in *Kessler*, we held that the PCRA court did not abuse its discretion in denying Kessler's motion to intervene because she lacked standing. *Id.*

The same holds true for Ms. Gerber's challenge. Ms. Gerber attempts to distinguish the facts of *Kessler* from her own:

> [B]ecause of the sealed nature of the records being sought [in *Kessler*, Kessler] shouldered the heightened burden of establishing [she] had standing in the case itself, a burden not otherwise applicable to one seeking to access to a public judicial record. The court here imposed that same burden on [Ms. Gerber] despite the fact the record

- 5 -

being sought here was never sealed, but rather, displayed publicly, and offered at a public trial as an exhibit. This was error.

Ms. Gerber's Brief at 32. We find no merit to this contention.

The standing issue in **Kessler** is the same as that presented in the instant matter—a person not involved in the underlying criminal action sought to intervene even though that person could not establish they had "a direct or immediate interest in the case." The fact that the evidence sought in **Kessler** was sealed is a distinction without a difference as far as standing to intervene is concerned. Our close reading of Ms. Gerber's motion to intervene supports the PCRA court's rejection of her claim that she (like any other citizen wanting to review a judicial record), is not attempting to bring any legal challenges in Gerber's case at all, but rather, seeking only to review a record related to it." Ms. Gerber's Brief at 36.

In addition, the fact that Ms. Gerber is Gerber's daughter is of no consequence. **See In re April Thomas**, ___ A.3d ___ (Pa. Super. 2018), non-precedential decision at 5 (holding PCRA court properly denied sister's request for sealed wiretap evidence from Baney's criminal case; the sister lacked standing because she failed to meet her burden of proving that she had a substantial, direct, and immediate interest in the outcome of the litigation, which surpasses the common interest of all citizens).

Finally, Ms. Gerber's argument that denying her access to the evidence results in an equal protection violation because she is being treated differently than media representatives. **See** Ms. Gerber's Brief at 44. We find this issue

waived because it is woefully undeveloped. ***See Commonwealth v. Tielsch***, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

In sum, Ms. Gerber lacked standing to intervene in her father's litigation of his second PCRA petition. Therefore, the PCRA court did not abuse its discretion in denying her motion, as a motion to intervene is not a proper mechanism to obtain the information she seeks.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2021