J-S05011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: GARY LEE ROCK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: TERESA STOCUM AND | : | |
| SHERRY ROCK | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1012 MDA 2021 |

Appeal from the Order Entered June 21, 2021
In the Court of Common Pleas of Franklin County
Criminal Division at No(s):  CP-28-MD-0000283-1977

BEFORE:  PANELLA, P.J., STABILE, J., and DUBOW, J.

MEMORANDUM BY PANELLA, P.J.:                    **FILED MAY 03, 2022**

Teresa Stocum and Sherry Rock (collectively "Appellants") *pro se* appeal from the order denying their petition to unseal four police reports from Gary Lee Rock's 1978 trial for a lack of standing. Appellants argue they have standing, maintaining that as members of the general public, they have both a common law and constitutional right to access public judicial records. We affirm.

On July 2, 1977, Rock shot and killed a neighbor and firefighter, and injured several other firefighters, who were responding to a fire which he had set on his property. A jury trial was held in 1978, at which the Commonwealth sought to withhold certain information from four police reports from Rock's attorney. The trial judge, the Honorable George Eppinger, ordered these portions of the police reports sealed and placed into the record only if they

became an issue. Judge Eppinger specifically ruled that the reports were not beneficial to Rock. **See** N.T., 5/10/78, at 189. Although Rock's counsel objected to the sealing of the four reports, they were not docketed or formally filed with the court. Ultimately, the jury found Rock guilty of, *inter alia*, two counts of first-degree murder, and the trial court sentenced him to life imprisonment. Our Supreme Court affirmed the judgment of sentence. Rock did not raise any claims regarding the police reports in his direct appeal.

In 1984, the United States District Court for the Middle District of Pennsylvania granted Rock *habeas corpus* relief and awarded him a new trial. Notably, Rock did not attempt to obtain the sealed police reports prior to his new trial. Subsequently, a jury convicted Rock of four counts of attempted murder and two counts each of first-degree murder and aggravated assault. The trial court sentenced Rock to life imprisonment. This Court affirmed the judgment of sentence, and the Supreme Court denied allowance of appeal in 1988.

Between 1988 and 2001, Rock unsuccessfully litigated two PCRA petitions. In June 2015, Rock filed his third PCRA petition, invoking the governmental interference timeliness exception and arguing that the police records sealed during his 1978 trial prevented him from accessing **Brady**

material.[1] The PCRA court dismissed the petition as untimely, and this Court affirmed, finding that Rock failed to show that the reports contained ***Brady*** material and that he could not have obtained the reports earlier with the exercise of due diligence. ***See Commonwealth v. Rock***, 1593 MDA 2015 (Pa. Super. filed Apr. 1, 2016) (unpublished memorandum). Rock then filed a fourth PCRA petition, reasserting his claim regarding the police reports. The PCRA court dismissed the petition, and this Court affirmed. ***See Commonwealth v. Rock***, 1605 MDA 2017 (Pa. Super. filed May 15, 2018) (judgment order).

On June 17, 2021, Appellants,[2] *pro se*, filed a petition to unseal the police reports from Rock's 1978 trial. The trial court denied the petition without a hearing on June 21, 2021, finding that Appellants did not have standing to raise the claim. This timely appeal followed.[3]

On appeal, Appellants raise the following questions for our review:

---

[1] In ***Brady v. Maryland***, 373 U.S. 83 (1963), the Supreme Court of the United States held that prosecutors have a duty to disclose exculpatory evidence in the prosecutor's possession to defendants.

[2] Appellants do not identify how they are related to Rock.

[3] After Appellants filed the appeal, this Court issued an order directing them to show cause why the appeal should not be quashed because Appellants are not aggrieved parties. Appellants filed a response, arguing that as citizens and members of the public they have a common law right and interest in being able to inspect judicial records. This Court quashed the appeal. However, upon application for reconsideration, this Court vacated the quashal order and referred the issue to this panel.

1. Whether lower court erred in concluding Petitioner-Appellants lack standing to challenge 1978 sealing of police reports?

2. Whether lower court erred by refusing to conduct in camera review of sealed police reports, issue findings of fact, and weigh whether compelling government interests warrant continued sealing?

Brief for Appellants at 2 (some capitalization omitted).

In their first claim, Appellants contend that they had standing to pursue their claim because the public has a common law right to inspect public judicial documents to ensure the proper functioning of the criminal justice system. *See id.* at 5-7; *see also id.* at 6-7 (arguing that courts have consistently found that the public has standing to challenge protective and confidentiality orders). In this regard, Appellants assert that the trial court erred in finding that to establish standing, they must prove they had a substantial, direct, and immediate interest in the case. *See id.* at 5-6. Appellants claim that the order must be reversed, and the matter assigned to a different judge due to a conflict of interest. *See id.* at 7.

In a supplemental brief,[4] the Appellants argue that *Company Doe* supports their position that a non-party has standing to pursue review of a sealing order. *See* Supplemental Brief at 2. Appellants assert that like the consumer groups in *Company Doe*, they are members of the public with First

---

[4] After Appellants filed their appellate brief, Appellant Sherry Rock sought leave to submit the decision in *Company Doe v. Public Citizen*, 749 F.3d 246 (4th Cir. 2014), to this Court. By an order dated January 5, 2022, this Court granted Sherry Rock leave to supplement Appellants' brief.

- 4 -

Amendment rights to attend court proceedings and inspect judicial records, including the sealing of police reports. *See id.* at 3-4.

"Threshold issues of standing are questions of law; thus, our standard of review is *de novo* and our scope of review is plenary." *Rellick-Smith v. Rellick*, 147 A.3d 897, 901 (Pa. Super. 2016) (citation omitted).

> Standing is a core jurisprudential requirement that looks to the party bringing a legal challenge and asks whether that party has actually been aggrieved as a prerequisite before the court will consider the merits of the legal challenge itself. A party who is not adversely affected by the matter he seeks to challenge is not "aggrieved" and therefore does not have standing.

*Kessler v. Pub. Documents Pen Reg. & Wire Taps*, 180 A.3d 406, 409-10 (Pa. Super. 2018) (citation omitted).

> A party is aggrieved for purposes of establishing standing when the party has a substantial, direct[,] and immediate interest in the outcome of litigation. A party's interest is substantial when it surpasses the interest of all citizens in procuring obedience to the law; it is direct when the asserted violation shares a causal connection with the alleged harm; finally, a party's interest is immediate when the causal connection with the alleged harm is neither remote nor speculative.

*Rellick-Smith*, 147 A.3d at 901 (citation omitted).

As a prefatory matter, Appellants do not have standing to invoke the common law or First Amendment right to view the sealed police reports pertaining to Rock's criminal case, in which they have not been aggrieved. *See Kessler*, 180 A.3d at 409-10 (rejecting claim that the threshold inquiry to determine standing is whether the documents sought are public judicial documents available to the public via the common law right of access and

concluding that the party seeking the documents must be aggrieved to have standing). To that end, Appellants do not refute the trial court's finding that they failed to establish any substantial, direct, or immediate interest in the sealed police records.

Here, Appellants' general assertion that the public's right to inspect judicial records does not establish that they have a substantial interest in unsealing the police records in Rock's case. **See** Trial Court Opinion, 8/20/21, at 4-5. Moreover, Appellants have not demonstrated they have a direct or immediate interest in the police records. **See id.** at 5. Relevantly, Appellants were not involved in the underlying criminal action, and have not explained their relationship to Rock or stake in his post-conviction proceedings to unseal the police reports. **See Kessler**, 180 A.3d at 410 (concluding that appellant did not have standing to unseal wiretap records in another party's PCRA petition because her mere assertion of supporting the party's PCRA petition, without any explanation of her relationship to that party or stake in his post-conviction proceedings, failed to demonstrate a direct or immediate interest).

Furthermore, Appellants' reliance upon **Company Doe** is misplaced.[5] There, the Fourth Circuit held that a third-party consumer advocacy group,

---

[5] While we will address Appellants' claim, we discern no need to turn to federal precedent for persuasive authority in this case where Pennsylvania case law regarding the issue of standing relating to public access to judicial documents is well-defined. **See Bochetto v. Piper Aircraft Co.**, 94 A.3d 1044, 1050 (Pa. Super. 2014) (stating that "[f]ederal court decisions do not control the determinations of the Superior Court").

which advocated directly on the issues to which the underlying litigation and the sealed materials related, had standing for the limited purpose of unsealing records based upon the presumptive right of access to judicial documents and materials under the First Amendment and common law. *See Company Doe*, 749 F.3d at 263-264. Contrarily, the police reports in this case are not public judicial documents subject to the right of First Amendment or common law access, as they were never docketed, formally filed with the court, or made part of the certified record. *See Commonwealth v. Curley*, 189 A.3d 467, 479 (Pa. Super. 2018) (noting that proffers of evidence, which "were never docketed, formally filed with the court, or required by any rule of criminal procedure," are not "public judicial documents" subject to the "right of First Amendment or common law access"). Moreover, as noted above, Appellants have not established a direct or immediate interest in the case or any relation to Rock or his case. Therefore, *Company Doe* is inapplicable to the instant case, and Appellants lacked standing in seeking to unseal the police records from Rock's 1978 trial.

Even accepting all of Appellants' averments as true, they have not established they have standing to request unsealing the police reports. As a result, a hearing could not have changed this result, and therefore Appellants' second claim also fails.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/03/2022