J-S38029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. BARNETT | : | |
| | : | |
| | : | No. 1805 EDA 2022 |
| APPEAL OF: ANTHONY HENRY | : | |

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000731-1990

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIEL A. BARNETT | : | |
| | : | |
| | : | No. 1811 EDA 2022 |
| APPEAL OF: WILLIAM J. TURNER | : | |

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000731-1990

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                                 :
            v.                          :
                                 :
                                 :
DANIEL A. BARNETT                  :
                                 :
                                 :    No. 1813 EDA 2022
APPEAL OF: RICHARD DANIELS       :

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000731-1990

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                                 :
            v.                          :
                                 :
                                 :
DANIEL A. BARNETT                  :
                                 :
                                 :    No. 1815 EDA 2022
APPEAL OF: JAMES BOONE           :

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000731-1990

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                 :             PENNSYLVANIA
                                 :
            v.                          :
                                 :
                                 :
DANIEL A. BARNETT                  :
                                 :
                                 :    No. 1820 EDA 2022
APPEAL OF: WALTER SMITH          :

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0000731-1990

J-S38029-23

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DANIEL A. BARNETT :
:
: No. 1822 EDA 2022
APPEAL OF: TYRONE GREEN :

Appeal from the Order Entered June 1, 2022
In the Court of Common Pleas of Chester County Criminal Division at
No(s):  CP-15-CR-0000731-1990

BEFORE:   LAZARUS, J., KUNSELMAN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KUNSELMAN, J.:             **FILED NOVEMBER 14, 2023**

In these consolidated *pro se* appeals, six incarcerated individuals appeal from the PCRA[1] court's orders denying their petitions to join Daniel A. Barnett's request for post-conviction relief.[2]  None of these men is a party to Barnett's case, and none was charged with any crime in connection therewith. Therefore, the PCRA court properly concluded that these individuals failed to establish that they would be aggrieved by the denial of the relief sought in

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Post Conviction Relief Act.  42 Pa.C.S.A. §§ 9541-9546.

[2] On July, 26, 2023, this Court entered an order dismissing a similar appeal docketed at No. 1809 EDA 2022, after a suggestion of death was filed by the Commonwealth.

- 3 -

Barnett's case. Accordingly, as they have failed to establish standing, we affirm.

On September 17, 1990, the trial court sentenced Barnett to an aggregate term of life in prison following his entry of a guilty plea to first-degree murder and related charges. Thereafter, although Barnett did not file a direct appeal, he filed four, unsuccessful petitions for post-conviction relief.

On August 3, 2021, Barnett filed a petition for writ of *habeas corpus ad subjiciendum* at a civil docket number with the prothonotary in the Court of Common Pleas of Luzerne County. Shortly thereafter, each of the six above-named individuals filed a motion to join Barnett's case pursuant to the joinder rules of the Pennsylvania Rules of Civil Procedure.

On November 1, 2021, the Luzerne County Court of Common Pleas entered an order transferring Barnett's *habeas corpus* petition, as well as the joinder pleadings, to the Chester County Court of Common Pleas. All of these filings were received by the Chester County Prothonotary on May 10, 2022. Thereafter, that prothonotary filed a *praecipe* to transfer the documents to the criminal division. The Chester County Clerks of Courts then docketed Barnett's *habeas corpus* petition on May 23, 2022, and each of the joinder petitions on June 1, 2022.

The court treated Barnett's 2022 filing as his fifth PCRA petition. On June 1, 2022, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Barnett's fifth petition because it was patently untimely, and he did

not establish a time-bar exception.[3] That same day, the PCRA court denied each of the above-named individuals' motion to join Barnett's post-conviction proceedings. These appeals followed.

As noted above, each of the above-named individuals filed their joinder motions shortly after Barnett filed his *habeas corpus* petition at the civil docket in Luzerne County. They each relied upon "Rule 2227 et seq." of the Pennsylvania Rules of Civil Procedure to support their motion. Because Barnett's requested relief was cognizable under the PCRA, it a was a matter, governed by the procedural rules found in Chapter 9 of the Pennsylvania Rules of Criminal Procedure. Pa.R.Crim.P. 900-910. Thus, the above-named individuals cannot use the civil procedural rules as a basis to join Barnett's PCRA petition.

The Pennsylvania Rules of Appellate Procedure also prevent their joinder in Barnett's PCRA proceedings. Rule 501 of the Pennsylvania Rules of Appellate Procedure provides that: "Except where the right of appeal is enlarged by statute, any party aggrieved by an appealable order, or a fiduciary whose estate or trust is so aggrieved, may appeal therefrom." For purposes of this rule, "an aggrieved party must have a substantial interest at stake,"

---

[3] The PCRA court dismissed Barnett's fifth petition on June 22, 2022. His appeal from that decision is filed before this panel at No. 1852 EDA 2022. There, we agreed that Barnett's *habeas corpus* petition is governed by the PCRA, and we affirmed the order denying him post-conviction relief.

that is, "an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law." ***In re McCune***, 705 A.2d 861, 864 (Pa. Super. 1997) (citations omitted). Stated differently, to be an "aggrieved party" entitled to file an appeal, the party's interest in the litigation must be adversely affected in a manner which is both direct and immediate. ***Id.***

Significantly, whether a person is an aggrieved party, raises a question of standing to bring an appeal. In ***Kessler v. Pub. Docs. Pen Reg. & Wire Taps***, 180 A.3d 406, 408 (Pa. Super. 2018), Melissa Kessler filed a *pro se* appeal from the order denying her motion to intervene and review sealed wiretap records in a completed criminal case involving Jeremy Baney.[4] Ms. Kessler contended that, as a member of the general public, she had both a common law right and constitutional right to access these "judicial public records." ***Id.*** at 408.

In reviewing the denial of Kessler's motion to intervene, this Court first addressed the standing issue:

> Standing is a core jurisprudential requirement that looks to the party bringing the legal challenge and asks whether that party has actually been aggrieved as a prerequisite before the court will consider the merits of the legal challenge itself. A party who is

---

[4] In 2003, Baney pled guilty to corrupt organization and drug charges arising from his participation in a drug distribution ring. The trial court sentenced him to a maximum term of thirty-nine years of imprisonment, we affirmed his judgment of sentence, and he has unsuccessfully sought post-conviction relief via four PCRA petitions. ***Kessler***, 180 A.3d at 407.

not adversely affected by the matter he seeks to challenge is not "aggrieved" and therefore does not have standing.

*Kessler*, 180 A.3d at 409-10.

We then concluded that Kessler lacked standing because she did "not refute the [PCRA] court's finding that she failed to establish any direct or immediate interest in the wiretap records." *Id.* at 410. In addition, we noted that Kessler's mere "assertion of supporting Baney's PCRA petition, without any explanation of her relationship to Baney or stake in his post-conviction proceedings, [failed] to establish a direct or immediate interest in the case." *Id.* Thus, in *Kessler*, we held that the PCRA court did not abuse its discretion in denying Kessler's motion to intervene because she lacked standing. *Id.*

The same holds true for the present appeals. Here, the six incarcerated individuals have not refuted the PCRA court's conclusion that they have no connection to Barnett's case or a direct or immediate interest in his PCRA petition. As summarized by the PCRA court in each case:

> [These six men and over forty] other individuals filed motions to join [Barnett's] criminal action. All of the motions were denied because a third party cannot be a party to another defendant's criminal action. [Barnett's] PCRA proceedings involve claims regarding his underlying criminal case of which [these six men were] not involved. If [they] have similar claims or allegations, [they] must file them in [their] own criminal case, not [Barnett's] case.
>
> Therefore, it was proper for this court to deny [their] motions] for joinder and [the] appeals should be dismissed.

PCRA Court Opinion, 8/4/22, at 2 (excess capitalization omitted). We agree. As the above-named incarcerated individuals have not established standing in

Barnett's PCRA proceedings, we affirm the PCRA court's denial of their joinder motions.

Orders affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>11/14/2023</u>